# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

|  |  |  |
|---|---|---|
| CHRIS GAGLIASTRE, *et al.*, | : | |
| | : | |
| *Plaintiffs*, | : | |
| | : | |
| v. | : | Civil Action No. 2:17cv379-RAJ-RJK |
| | : | |
| CAPT. GEORGE'S SEAFOOD | : | |
| RESTAURANTS, LP, *et al.* | : | |
| | : | |
| *Defendants.* | : | |

## JOINT ANSWER AND AFFIRMATIVE DEFENSES
## TO AMENDED COMPLAINT

**COME NOW** defendants Captain George's of South Carolina, LP ("CGSC"), Captain George's of South Carolina, Inc. ("SC Corp"), Captain KDH, LLC ("KDH"), Lideslambous, Inc. ("Lideslambous"), Pitsilambous, Inc. ("Pitsilambous"), Pitsilides Management, LLC ("Management"), George Pitsilides ("George"), Sharon B. (Sherry) Pitsilides ("Sherry"),[1] and Doe Corporations 1-4,[2] and for their Answer and affirmative defenses to plaintiffs' Amended Complaint, respectfully state as follows.

### *Answer*

1.    Paragraph 1 of the Complaint is an introductory statement and statement of law that requires no response; to the extent any response is required, this paragraph is denied.

---

[1]    Sherry joins this Answer and these Affirmative Defenses without prejudice to her pending motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

[2]    Four "Doe Corporations," described generically, have been nominally made defendants. As set forth herein, the named entity and individual defendants deny that there exists any "Doe Corporation" as to which these claims could be asserted in good faith and as to which the relief sought in the Amended Complaint could be granted. An appearance for the Doe Corporations is being made in the abundance of caution to avoid a technical default..

2.      Four of the Defendants admit that they each operate a single restaurant, as follows:

a.      CGSC operates a restaurant operating under the trade names "Captain George's Seafood Restaurant®" and "Capt. George's Seafood Restaurant®," located in Myrtle Beach, South Carolina (the "Myrtle Beach Restaurant");

b.      KDH operates a restaurant under the trade names "Captain George's Seafood Restaurant®" and "Capt. George's Seafood Restaurant®," located in Kill Devil Hills, North Carolina (the "KDH Restaurant");

c.      Lideslambous operates a restaurant under the trade names "Captain George's Seafood Restaurant®" and "Capt. George's Seafood Restaurant®," located in Williamsburg, Virginia (the "Williamsburg Restaurant"); and

d.      Pitsilambous operates a restaurant under the trade names "Captain George's Seafood Restaurant®" and "Capt. George's Seafood Restaurant®," located in Virginia Beach, Virginia (the "Virginia Beach Restaurant").

CGSC, KDH, Lideslambous and Pitsilambous are referred to collectively as the "Restaurant Operating Companies."  The Myrtle Beach Restaurant, the KDH Restaurant, the Williamsburg Restaurant and the Virginia Beach Restaurant are referred to collectively as the "Restaurants."

SC Corp denies that it is an employer or operates any restaurant.  SC Corp affirmatively avers that it is the sole general partner of CGSC, which is organized as a limited partnership.

Defendants deny that any of the remaining entities and individuals named as defendants herein operates a restaurant, and deny specifically that any of the remaining entities and

individuals named as defendants herein is an employer of any person who is a plaintiff, a part of the putative collective action and/or putative class asserted by and through this action.

Defendants deny that the Restaurant Operating Companies constitute a single, integrated enterprise, and deny that the Restaurants, taken collectively, constitute a single, integrated enterprise.

3.      Defendants admit that George and Sherry founded a seafood-themed restaurant in Hampton, Virginia, in or about 1979.  The Hampton restaurant no longer exists.  To the extent that paragraph 3 contains allegations inconsistent with or otherwise not addressed in the preceding sentence, those allegations are denied.

4.      Defendants admit that each of the respective Restaurants has been fortunate to develop and maintain itself as a respected business in its respective market.   To the extent that paragraph 4 contains allegations inconsistent with or otherwise not addressed in the preceding sentence, those allegations are denied.

5.      Paragraph 5 is denied inasmuch as there exists no entity known as "Captain George's," and there is no employer known as "Captain George's."  Defendants affirmatively aver that each of the Restaurant Operating Companies is a separate and distinct employer, employing the personnel necessary and appropriate for operation of its restaurant.   The remaining allegations of paragraph 5 are denied.

6.      Paragraph 6 is denied inasmuch as there exists no entity known as "Captain George's," and there is no employer known as "Captain George's."  Defendants affirmatively aver that the three plaintiffs named in this paragraph were employees of CGSC, that two of the three (Gagliastre and Tarry) have left the employment of CGSC, and that one (Zayneeva) remains in the employ of CGSC.

7.     Admitted.

8.     Denied.

9.     Denied.

10.     Denied.   Defendants affirmatively aver that each of the Restaurant Operating Companies operates a "tip pool" for employees who are customarily tipped.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Defendants deny that any of them has required, encouraged or permitted employees to work "off the clock."   The Restaurant Operating Companies, in response to the allegation in the Complaint regarding the payment of the correct overtime rate, are reviewing their respective payroll records to determine if errors have been made.   Because that review is ongoing, Defendants do not presently have sufficient information to permit them to admit or deny the allegations of paragraph 14 relating to overtime rates.

15.     Denied.

16.     Denied.

17.     Denied

18.     Denied.   The Restaurant Operating Companies affirmatively aver that each of them is a separate and distinct employer, that each has its own policies with respect to tipped employees, and that the practices of each Restaurant differ.   SC Corp denies that it is an employer and denies that it has any employment practices or policies.

19.     Paragraph 19 states a legal contention that requires no response; to the extent that any response to this paragraph is required, the allegations are denied, and Defendants specifically

deny that the employees of the four distinct Restaurant Operating Companies may be properly considered to be "similarly situated."

20.     Paragraph 20 states a legal contention that requires no response; to the extent that any response to this paragraph is required, the allegations are denied, and Defendants specifically deny that the proposed class is appropriate for certification pursuant to Fed. R. Civ. P. 23.

21.     Paragraph 21 states a legal contention that requires no response; to the extent that any response to this paragraph is required, the allegations are denied, and Defendants specifically deny that the proposed class is appropriate for certification pursuant to Fed. R. Civ. P. 23.

22.     Defendants admit that subject matter jurisdiction is present in this Court upon the claims stated in the Complaint.

23.     Defendants admit that this Court has discretion to exercise supplemental jurisdiction over the claims stated in the Complaint that arise under South Carolina and Virginia state law.

24.     Admitted.

25.     Defendants do not have sufficient information to permit them to admit or to deny the allegations of paragraph 25.

26.     Defendants admit that a form bearing the name of plaintiff Gagliastre is appended to the Complaint, but do not have sufficient information to enable them either to admit or to deny its authenticity.

27.     Defendants admit that a Chris Gagliastre is a former employee of CGSC, and deny that Chris Gagliastre had an employment relationship with any other defendant in this action.

28.     Defendants do not have sufficient information to permit them to admit or to deny the allegations of paragraph 28.

29.     Defendants admit that a form bearing the name of plaintiff Tarry is appended to the Complaint, but do not have sufficient information to enable them either to admit or to deny its authenticity.

30.     Defendants admit that a Zachary Tarry is a former employee of CGSC, and deny that Zachary Tarry had an employment relationship with any other defendant in this action.

31.     Defendants admit that employment-related information supplied by Olga Zayneeva suggest that she is a resident of Horry County, South Carolina, but do not have sufficient information to permit them to admit or to deny the allegations of paragraph 31.

32.     Defendants admit that a form bearing the name of Olga Zayneeva is appended to the Complaint, but do not have sufficient information to enable them either to admit or to deny its authenticity.

33.     Defendants admit that an Olga Zayneeva is a current employee of CGSC, and deny that Olga Zayneeva has an employment relationship with any other defendant in this action.

34.     Defendants do not have sufficient information to permit them either to admit or to deny the allegations of paragraph 34.

35.     Defendants admit that a consent form bearing Pentecost's printed name has been filed with the Clerk.

36.     Denied.  Defendants aver, to the contrary, that Pentecost has been an employee of Lideslambous, but not of any other defendant in this action.

37.     Denied.  Defendants incorporate by reference and reallege as if set forth in full the response to paragraph 2, above, and affirmatively aver that plaintiffs Gagliastre, and Tarry are

former employees of CGSC, that plaintiff Zayneeva is a current employee of CGSC, and that plaintiff Pentecost was an employee of Lideslambous.

38.     Denied.

39.     Denied.

40.     Denied.  Defendants incorporate by reference and reallege as if set forth in full the response to paragraph 2, above, and affirmatively aver that plaintiffs Gagliastre and Tarry are former employees of CGSC, that plaintiff Zayneeva is a current employee of CGSC, and that plaintiff Pentecost was an employee of Lideslambous.

41.     Denied.  Defendants incorporate by reference and reallege as if set forth in full the response to paragraph 2, above, and affirmatively aver that plaintiffs Gagliastre and Tarry are former employees of CGSC, that plaintiff Zayneeva is a current employee of CGSC, and that plaintiff Pentecost was an employee of Lideslambous.

42.     Denied.

43.     Denied; Defendants admit, however, that certain shared services are provided to them by Pitsilides Management, LLC ("Management"), the offices of which are located at 1956 Laskin Road, Virginia Beach, Virginia 23454.

44.     It is admitted that Management provides some shared services in the areas describe in paragraph 44, to the four Restaurant Operating Companies.

45.     Defendants admit that the Restaurant Operating Companies are employers of the employees who are employed at their respective Restaurants.   The remaining allegations of paragraph 45 are denied.

46.     Defendants admit that the Restaurant Operating Companies are employers of the employees who are employed at their respective Restaurants.  The remaining allegations of paragraph 46 are denied.

47.     Defendants admit that CGSC is a Virginia limited partnership, with its registered office located in the Commonwealth of Virginia and its principal place of business located in Myrtle Beach, South Carolina.

48.     It is denied that George is the owner of CGSC.  It is admitted that George is the President of CGSC.

49.     Denied.  Defendants affirmatively aver that the registered office of CGSC is 999 Waterside Drive, Suite 2100, Norfolk, Virginia 23510, and that CGSC's principal place of business is located at 1401 29th Avenue, Myrtle Beach, South Carolina 29577.

50.     Defendants admit that CGSC is the former employer of plaintiffs Gagliastre and Tarry, the current employer of plaintiff Zayneeva, and the employer of servers employed at the Captain George's Seafood Restaurant® operated by CGSC at 1401 29th Avenue, Myrtle Beach, South Carolina 29577.  Defendants deny that CGSC is an employer of any person whose place of employment is not the Captain George's Seafood Restaurant® operated by CGSC at 1401 29th Avenue, Myrtle Beach, South Carolina 29577.

51.     Defendants admit that CGSC establishes practices and procedures for the Captain George's Seafood Restaurant® operated by CGSC at 1401 29th Avenue, Myrtle Beach, South Carolina 29577; deny that CGSC establishes practices or procedures for any place of employment other than the Captain George's Seafood Restaurant® operated by CGSC at 1401 29th Avenue, Myrtle Beach, South Carolina 29577; and deny that CGSC has any "locations" other than the Captain George's Seafood Restaurant® operated at 1401 29th Avenue, Myrtle

Beach, South Carolina 29577.  To the extent that the foregoing sentence does not fully respond to all remaining allegations of paragraph 51, the remaining allegations are denied.

52.     Defendants admit that CGSC establishes practices and procedures for the Captain George's Seafood Restaurant® operated by CGSC at 1401 29th Avenue, Myrtle Beach, South Carolina 29577; and deny that CGSC establishes practices or procedures for any place of employment other than the Captain George's Seafood Restaurant® operated by CGSC at 1401 29th Avenue, Myrtle Beach, South Carolina 29577; and deny that CGSC has any "locations" other than the Captain George's Seafood Restaurant® operated at 1401 29th Avenue, Myrtle Beach, South Carolina 29577.  To the extent that the foregoing sentence does not fully respond to all remaining allegations of paragraph 52, the remaining allegations are denied.

53.     Admitted.

54.     Admitted.

55.     Defendants admit that SC Corp is a Virginia corporation with its registered office located at 999 Waterside Drive, Suite 2100, Norfolk, Virginia 23510.  The principal office of SC Corp is located at 1956 Laskin Road, Virginia Beach, Virginia 23454.

56.     It is admitted that George is the sole shareholder and President of SC Corp.

57.     Defendants admit that the principal business office of SC Corp is located at 1956 Laskin Road, Virginia Beach, Virginia 23454.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.   SC Corp does not operate its own business and thus has no "gross revenue" as that term is customarily used and understood.

63.     Defendants admit that KDH is a Virginia limited liability company with its registered office located at 999 Waterside Drive, Suite 2100, Norfolk, Virginia 23510, and its principal place of business located at 705 S. Croatan Highway, Kill Devil Hills, North Carolina 27948.

64.     Defendants admit that George is the Manager and President of KDH.  Defendants deny that George is his individual capacity is an owner or member of KDH.

65.     Denied.  Defendants affirmatively aver that KDH is a Virginia limited liability company with its registered office located at 999 Waterside Drive, Suite 2100, Norfolk, Virginia 23510, and its principal place of business is located at 705 S. Croatan Highway, Kill Devil Hills, North Carolina 27948.

66.     Defendants admit that KDH is the employer of servers employed at the Captain George's Seafood Restaurant® operated by KDH at 705 S. Croatan Highway, Kill Devil Hills, North Carolina 27948.  Defendants deny that KDH is an employer of any person whose place of employment is not the Captain George's Seafood Restaurant® operated by KDH at 705 S. Croatan Highway, Kill Devil Hills, North Carolina 27948.

67.     Defendants admit that KDH establishes practices and procedures for the Captain George's Seafood Restaurant® operated by KDH at 705 S. Croatan Highway, Kill Devil Hills, North Carolina 27948; deny that KDH establishes practices or procedures for any place of employment other than the Captain George's Seafood Restaurant® operated by KDH at 705 S. Croatan Highway, Kill Devil Hills, North Carolina 27948; and deny that KDH has any "locations" other than the Captain George's Seafood Restaurant® located at 705 S. Croatan

Highway, Kill Devil Hills, North Carolina 27948.  To the extent that the foregoing sentence does not fully respond to all remaining allegations of paragraph 67, the remaining allegations are denied.

68.     Defendants admit that KDH establishes practices and procedures for the Captain George's Seafood Restaurant® operated by KDH at 705 S. Croatan Highway, Kill Devil Hills, North Carolina 27948; deny that KDH establishes practices or procedures for any place of employment other than the Captain George's Seafood Restaurant® operated by KDH at 705 S. Croatan Highway, Kill Devil Hills, North Carolina 27948; and deny that KDH has any "locations" other than the Captain George's Seafood Restaurant® located at 705 S. Croatan Highway, Kill Devil Hills, North Carolina 27948.  To the extent that the foregoing sentence does not fully respond to all remaining allegations of paragraph 68, the remaining allegations are denied.

69.     Admitted.

70.     Admitted.

71.     Defendants admit that Pitsilambous is a Virginia corporation, with its registered office located at 999 Waterside Drive, Suite 2100, Norfolk, Virginia 23510 and its principal place of business located at 1956 Laskin Road, Virginia Beach, Virginia  23454.

72.     Defendants admit that George is one of the shareholders of Pitsilambous, but deny that he is the sole shareholder.  Defendants admit that George is President of Pitsilambous.

73.     Defendants affirmatively aver that the registered office of Pitsilambous is located at 999 Waterside Drive, Suite 2100, Norfolk, Virginia 23510, and that Pitsilambous's principal place of business is located at 1956 Laskin Road, Virginia Beach, Virginia  23454.

74.     Defendants admit that Pitsilambous is the employer of servers employed at the Captain George's Seafood Restaurant® operated by Pitsilambous at 1956 Laskin Road, Virginia Beach, Virginia  23454.  Defendants deny that Pitsilambous is an employer of any person whose place of employment is not the Captain George's Seafood Restaurant® operated by Pitsilambous at 1956 Laskin Road, Virginia Beach, Virginia  23454.

75.     Defendants admit that Pitsilambous establishes practices and procedures for the Captain George's Seafood Restaurant® operated by Pitsilambous at 1956 Laskin Road, Virginia Beach, Virginia  23454; deny that Pitsilambous establishes practices or procedures for any place of employment other than the Captain George's Seafood Restaurant® operated by Pitsilambous at 1956 Laskin Road, Virginia Beach, Virginia  23454; and deny that Pitsilambous has any "locations" other than the Captain George's Seafood Restaurant® operated by Pitsilambous at 1956 Laskin Road, Virginia Beach, Virginia 23454.  To the extent that the foregoing sentence does not fully respond to all remaining allegations of paragraph 75, the remaining allegations are denied.

76.     Defendants admit that Pitsilambous establishes practices and procedures for the Captain George's Seafood Restaurant® operated by Pitsilambous at 1956 Laskin Road, Virginia Beach, Virginia  23454; deny that Pitsilambous establishes practices or procedures for any place of employment other than the Captain George's Seafood Restaurant® operated by Pitsilambous at 1956 Laskin Road, Virginia Beach, Virginia  23454; and deny that Pitsilambous has any "locations" other than the Captain George's Seafood Restaurant® operated by Pitsilambous at 1956 Laskin Road, Virginia Beach, Virginia 23454.  To the extent that the foregoing sentence does not fully respond to all remaining allegations of paragraph 76, the remaining allegations are denied.

77.     Admitted.

78.     Admitted.

79.     Defendants admit that Lideslambous is a Virginia corporation, with its registered office located at 999 Waterside Drive, Suite 2100, Norfolk, Virginia 23510 and its principal place of business located at 5363 Richmond Road, Williamsburg, Virginia 23188.

80.     Defendants admit that George is one of the shareholders of Lideslambous, but deny that he is the sole shareholder.  Defendants admit that George is the President of Lideslambous.

81.     Defendants affirmatively aver that the registered office of Lideslambous is located at 999 Waterside Drive, Suite 2100, Norfolk, Virginia 23510, and that Lideslambous's principal place of business is located at 5363 Richmond Road, Williamsburg, Virginia  23188.

82.     Defendants admit that Lideslambous is the employer of servers employed at the Captain George's Seafood Restaurant® operated by Lideslambous at 5363 Richmond Road, Williamsburg, Virginia  23188.  Defendants deny that Lideslambous is an employer of any person whose place of employment is not the Captain George's Seafood Restaurant® operated by Lideslambous at 5363 Richmond Road, Williamsburg, Virginia 23188.

83.     Defendants admit that Lideslambous establishes practices and procedures for the Captain George's Seafood Restaurant® operated by Lideslambous at 5363 Richmond Road, Williamsburg, Virginia 23188; deny that Lideslambous establishes practices or procedures for any place of employment other than the Captain George's Seafood Restaurant® operated by Lideslambous at 5363 Richmond Road, Williamsburg, Virginia  23188; and deny that Lideslambous has any "locations" other than the Captain George's Seafood Restaurant® operated by Lideslambous at 5363 Richmond Road, Williamsburg, Virginia 23188. To the extent that the

foregoing sentence does not fully respond to all remaining allegations of paragraph 83, the remaining allegations are denied.

84.    Defendants admit that Lideslambous establishes practices and procedures for the Captain George's Seafood Restaurant® operated by Lideslambous at 5363 Richmond Road, Williamsburg, Virginia 23188; deny that Lideslambous establishes practices or procedures for any place of employment other than the Captain George's Seafood Restaurant® operated by Lideslambous at 5363 Richmond Road, Williamsburg, Virginia  23188; and deny that Lideslambous has any "locations" other than the Captain George's Seafood Restaurant® operated by Lideslambous at 5363 Richmond Road, Williamsburg, Virginia 23188.  To the extent that the foregoing sentence does not fully respond to all remaining allegations of paragraph 84, the remaining allegations are denied.

85.    Admitted.

86.    Admitted.

87.    Defendants admit that Management is a Virginia limited liability company with its registered office located at 999 Waterside Drive, Suite 2100, Norfolk, Virginia 23510, and its principal (and sole) place of business located in offices located at the rear of 1956 Laskin Road, Virginia Beach, Virginia 23454.

88.    Admitted.

89.    Defendants admit that Management's sole place of business is located in offices at the rear of 1956 Laskin Road, Virginia Beach, Virginia 23454.

90.    Denied.

91.    Denied.  Defendants affirmatively aver that Management provides some services to each of the four Restaurant Operating Companies, including the preparation of payrolls and

the maintenance of payroll records, but that specific employment policies and practices, are set by each Restaurant Operating Company through its respective general manager.   Similarly, although Management provides some common services in order to realize economies of scale (such as procurement of foods at wholesale), the operation of each Restaurant Operating Company is not "centralized," but quite to the contrary, is directed locally by its general manager.

92.     Defendants admit that Management receives a management fee from each of the Restaurant Operating Companies for providing services to each Company, including those named in this paragraph.

93.     Admitted.

94.     Defendants admit that Management maintains historical payroll records for each of the Restaurant Operating Companies.   Each of the Restaurant Operating Companies also maintains some current-year payroll records on site.

95.     Denied.

96.     Denied.

97.     Defendants deny that Management produces goods for sale in interstate commerce, but admits that Management provides services to the Restaurant Operating Companies that are engaged in interstate commerce.

98.     Admitted.

99.     Defendants admit that George is one of the co-founders of the Captain George's Seafood Restaurant® all-you-can-eat seafood buffet restaurant concept, and that George is a member and a shareholder of various entity defendants named in this action, as is addressed with greater specificity elsewhere in this Answer.   Defendants deny that George is the "operator" of

the Restaurants, and affirmatively aver that the Restaurants are operated by the entities described in paragraph 2 of this Answer, which is incorporated by reference and realleged as if set forth in full.

100.   Denied.

101.   It is denied that George is the owner of CGSC; it is admitted that George is President of CGSC.

102.   It is admitted that George is the sole shareholder and President of SC Corp.

103.   It is denied that George is the owner of The Captain at the Beach, LLC.   It is admitted that George

104.   Denied; Defendants affirmatively aver that George is the Manager and President of KDH, and that George owns a membership interest in KDH.

105.   Denied; Defendants affirmatively aver that George is the Manager and President of PitCo 1, LLC.

106.   Denied; Defendants affirmatively aver that George is the Manager, President and sole member of Pit North, LLC.

107.   Denied; Defendants affirmatively aver that George is one of the shareholders of Pitsilambous.   Defendants admit that George is the President of Pitsilambous.

108.   Denied; Defendants affirmatively aver that George is one of the shareholders of Lideslambous.   Defendants admit that George is the President of Lideslambous.

109.   Admitted.

110.   Defendants do not have sufficient information to permit them to admit or to deny the allegation that George is a "hands-on owner," inasmuch as that term is not defined and is ambiguous.   Defendants deny that George personally "oversees" operation of the Restaurants,

and affirmatively aver that the four Restaurants are operated by the entities set forth in paragraph 2 of this Answer, which is incorporated by reference and realleged as if set forth in full.  To the extent that the foregoing sentences do not fully respond to the allegations of paragraph 110, those allegations are denied.

111.    It is admitted that paragraph 111 paraphrases a sentence written by a reporter for "U.S. Business Executive" magazine in an article regarding George.

112.    Defendants incorporate their response to paragraph 110, which is incorporated by reference and realleged as if set forth in full.

113.    Denied. Defendants deny that any "delivery drivers" are employed by any of them.

114.    Defendants admit that George is involved in the businesses in which he has an interest, as those interests are described elsewhere in this Answer.  Defendants affirmatively aver that management of the Restaurant Operating Companies is as described elsewhere in this Answer.  To the extent that the foregoing does not fully respond to the allegations of paragraph 114, those allegations are denied.

115.    Defendants deny that George controlled the pay policies of the four Restaurant Operating Companies, and affirmatively aver to the contrary that the Restaurant Operating Companies each established pay policies, which policies differ from Restaurant to Restaurant. To the extent that the foregoing does not fully respond to the allegations of paragraph 115, those allegations are denied.

116.    Defendants do not have sufficient information to permit them either to admit or to deny the allegations of paragraph 116, because the phrase "power over personnel and payroll decisions" is ambiguous and is undefined.  Defendants affirmatively aver that each of the

Restaurant Operating Companies is responsible for its respective personnel decisions and payroll decisions, and each utilizes administrative support for payroll operations provided by Management.   To the extent that the foregoing does not fully respond to the allegations of paragraph 116, those allegations are denied.

117.   Defendants admit that George had indirect authority, through his ownership interests in and officer roles with respect to the Restaurant Operating Companies, to stop hypothetical "illegal pay practices," but deny that any "illegal pay practice" was ever brought to the attention of George prior to the filing of this action, and affirmatively aver that George would have promptly remedied any inappropriate pay practice actually brought to his attention.

118.   Denied.

119.   Denied.

120.   Defendants admit that George possesses general authority to contract for business purposes on behalf of the entity defendants of which he is the President or Manager.  The role of George with respect to each of the defendant entities is set forth with greater particularity with respect to each such defendant elsewhere in this Answer, and is incorporated by reference.

121.   Admitted with respect to Captain George's of South Carolina, Inc. and Management; denied with respect to all other named entity defendants.

122.   Defendants admit that Sherry Pitsilides is one of the co-founders of the Captain George's Seafood Restaurant® all-you-can-eat seafood buffet restaurant concept, and that Sherry Pitsilides is a minority shareholder of some (but not all) of the corporate defendants named in this action.  Defendants deny that Sherry Pitsilides is the "operator" of the Restaurants, or any of them, and affirmatively aver that the Restaurants are operated by the entities described in

paragraph 2 of this Answer, which is incorporated by reference and realleged as if set forth in full.

    123.    Admitted.

    124.    Denied.

    125.    Denied.

    126.    Admitted.

    127.    Admitted as to Pitsilambous, Lideslambous and KDH; denied as to SC Corp.

    128.    Defendants admit that Sherry was a co-creator of the seafood-buffet-themed restaurant concept that became Captain George's Seafood Restaurant®, and that Sherry has been involved in the Captain George's restaurant businesses throughout their existence, which stretches over 38 years.

    129.    Defendants do not possess information sufficient to permit them either to admit or deny the statement attributed to George in this paragraph, since the time, place and manner of the statement is not identified in any way.  Defendants affirmatively aver, however, that one of the keys to the success of the Captain George's Seafood Restaurant® brand and business has been George and Sherry's hard work and teamwork.  To the extent that this paragraph alleges that Sherry is an operator of the Restaurants, or any of them, or an employer of persons employed by any of the Restaurant Operating Companies, those allegations are denied.

    130.    Denied.  Defendants affirmatively aver that Sherry Pitsilides is engaged, through Management, in certain non-employment-related services (such as marketing) that are provided by Management to the Restaurant Operating Companies, and that Sherry Pitsilides from time to time engages in premises construction and renovation projects at Restaurant Locations, but deny

that Sherry Pitsilides has any material role in managing the Restaurant Operating Companies, or any of them.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Denied.

138.    Denied.

139.    Defendants deny that any of the entities described generically in paragraph 139 is an employer of any plaintiff or potential member of the proposed collective or class actions, or is otherwise involved in the operation of any the Restaurants.

140.    Defendants admit that the four distinct Restaurant Operating Companies operate their respective Restaurants.  The remaining allegations of paragraph 140 are denied.

141.    Defendants admit that one of the three named plaintiffs (Zayneeva) is a server currently employed by CGSC; that a second plaintiff (Chris Gagliastre) was formerly employed by CGSC as a server; that a third plaintiff (Zachary Tarry) was formerly employed by CGSC as a server and bartender; and that a fourth plaintiff is employed by Lideslambous.  The remaining allegations of paragraph 141 are denied.

142.    Denied.  Defendants affirmatively aver that the duties of servers employed by each of the Restaurants differ, and are established by the respective Restaurant Operating Companies independently.

143.    Denied.

144.    The Restaurant Operating Companies at all times relevant to this action intended to pay, and believed themselves to be paying, servers the appropriate minimum wage for tipped employees.

145.    Denied in part.   Defendants presently pay servers $2.13 per hour, the tipped employee minimum wage.  Defendants are presently investigating historical practices in light of the allegations raised in the Complaint, and do not presently have sufficient information to permit them to admit or deny the allegations of this paragraph as to historical practices.

146.    The allegations of paragraph 146 are all denied, save and except as to the overtime rate paid historically, as to which Defendants are investigating historical practices and accordingly do not presently have sufficient information to permit them either to admit or to deny the allegations as to overtime rate.

147.    Denied.

148.    Defendants admit that each of the Restaurant Operating Companies utilized a "tip pool" unique to that entity, and that each entity believed itself to be administering the tip pool in accordance with applicable law.

149.    Defendants admit that the tip pool utilized by each of the Restaurant Operating Companies is funded by contributions to the pool based upon a percentage of total sales for the period worked by the tipped employee, and that each Restaurant Operating Company set the applicable percentage for its respective Restaurant.  The remaining allegations of paragraph 149 are denied.

150.    Denied.

151.    Denied.   Defendants affirmatively aver that bussers were provided shared tips from the tip pool operated by each Restaurant Operating Company.   Defendants deny that they employ "setters."

152.    Denied.

153.    Denied.

154.    Defendants admit that "sidework" typical in the restaurant industry, such as setting tables and assisting to clear tables, often is assigned to servers at the beginning and/or the end of their working shifts, although Defendants affirmatively aver that practices with respect to sidework are set separately by each Restaurant Operating Company and vary from Restaurant to Restaurant.   Defendants deny that "sidework" exceeded 20% of servers' time at work for any of the Restaurants.

155.    Denied.

156.    Defendants are investigating historical practices with respect to overtime wage rates paid, and accordingly do not have sufficient information to permit them either to admit or to deny the allegations of paragraph 156 at this time. The Restaurant Operating Companies affirmatively aver that they believed at all times that they were paying overtime in accordance with applicable law, and did not become aware of any question with respect to payment of the proper overtime wage rate until the filing of this action.

157.    Defendants are investigating historical practices with respect to overtime wage rates paid, and accordingly do not have sufficient information to permit them either to admit or to deny the allegations of paragraph 157 at this time. The Restaurant Operating Companies affirmatively aver that they believed at all times that they were paying overtime in accordance

with applicable law, and did not become aware of any question with respect to payment of the proper overtime wage rate until the filing of this action.

158.    Defendants are investigating the allegations of this paragraph and do not presently have sufficient information to permit them either to admit or to deny these allegations.

159.    Defendants are investigating the allegations of this paragraph and do not presently have sufficient information to permit them either to admit or to deny these allegations.

160.    Defendants are investigating the allegations of this paragraph and do not presently have sufficient information to permit them either to admit or to deny these allegations.

161.    Defendants are investigating the allegations of this paragraph and do not presently have sufficient information to permit them either to admit or to deny these allegations.

162.    Defendants are investigating the allegations of this paragraph and do not presently have sufficient information to permit them either to admit or to deny these allegations.

163.    Denied.

164.    Defendants admit that a Chris Gagliastre formerly worked as a server for CGSC at the Myrtle Beach Restaurant.  Defendants are investigating the precise dates of Gagliastre's employment and do not presently have sufficient information to permit them either to admit of to deny the start and end dates alleged in this paragraph.

165.    Defendants do not presently have sufficient information to permit them either to admit or to deny what a "typical" work week for Gagliastre, during the course of his employment by CGSC, would have been.  Defendants affirmatively aver that a typical work week for servers employed by CGSC at the Myrtle Beach Restaurant would be approximately 25-35 hours per week, with more hours typically worked in the summer months than the remainder of the year.

166.    Defendants admit that the primary job responsibility of all servers at the Captain George's Seafood Restaurant® in Myrtle Beach is to provide outstanding customer service to guests of the Restaurant.

167.    Denied.

168.    Defendants do not presently have sufficient information to permit them either to admit or to deny the allegations of paragraph 168.

169.    Denied.

170.    Defendants admit that CGSC utilized a tip pool in the Captain George's Seafood Restaurant® in Myrtle Beach, and that the contribution to the pool during at least a portion of the period placed at issue in this action was three percent of sales made by the server.

171.    Denied.

172.    Denied.

173.    Denied.

174.    Denied.

175.    Defendants admit that a Zachary Tarry was employed by CGSC; they admit that Tarry worked for a time as a server.

176.    Defendants admit that Tarry worked for a time as a bartender; they deny that Tarry ever was employed as an "assistant manager."  Defendants do not presently have sufficient information to permit them to admit or deny the allegations of this paragraph regarding the periods worked by Tarry.

177.    Denied.

178.    Defendants admit that the primary job responsibility of all servers at the Captain George's Seafood Restaurant® in Myrtle Beach is to provide outstanding customer service to guests of the Restaurant.

179.    Denied.

180.    Defendants do not presently have sufficient information to permit them either to admit or to deny the allegations of this paragraph.

181.    Denied.

182.    Denied.  Defendants admit that CGSC utilized a tip pool in the Captain George's Seafood Restaurant® in Myrtle Beach, South Carolina, and that the contribution to the pool during at least a portion of the period placed at issue in this action was three percent of sales made by the server.  Defendants deny that these contributions inured to the benefit of the restaurant.

183.    Denied.

184.    Denied.

185.    Denied.

186.    Defendants do not presently have sufficient information to permit them either to admit or to deny the allegations of paragraph 186.

187.    Defendants do not presently have sufficient information to permit them either to admit or to deny the allegations of paragraph 187.

188.    Defendants do not presently have sufficient information to permit them either to admit or to deny the allegations of paragraph 188.

189.    Defendants deny that Tarry ever served as an assistant manager of the Captain George's Seafood Restaurant® operated by CGSC in Myrtle Beach, South Carolina.  Defendants

do not have sufficient information to permit them either to admit or to deny the remaining allegations of paragraph 189.

190.    Defendants deny that Tarry ever served as an assistant manager of the Captain George's Seafood Restaurant® operated by CGSC in Myrtle Beach, South Carolina.  Defendants do not have sufficient information to permit them either to admit or to deny the remaining allegations of paragraph 190.

191.    Defendants deny that Tarry ever served as an assistant manager of the Captain George's Seafood Restaurant® operated by CGSC in Myrtle Beach, South Carolina.  Defendants do not have sufficient information to permit them either to admit or to deny the remaining allegations of paragraph 191.

192.    Defendants deny that Tarry ever served as an assistant manager of the Captain George's Seafood Restaurant® operated by CGSC in Myrtle Beach, South Carolina, and deny the remaining allegations of this paragraph.

193.    Defendants deny that Tarry ever served as an assistant manager of the Captain George's Seafood Restaurant® operated by CGSC in Myrtle Beach, South Carolina, and deny the remaining allegations of this paragraph.

194.    Defendants deny that Tarry ever served as an assistant manager of Captain George's Seafood Restaurant® operated by CGSC in Myrtle Beach, South Carolina.  Defendants do not have sufficient information to permit them either to admit or to deny the remaining allegations of paragraph 194.

195.    Defendants deny that Tarry ever served as an assistant manager of the Captain George's Seafood Restaurant® operated by CGSC in Myrtle Beach, South Carolina.  Defendants

do not have sufficient information to permit them either to admit or to deny the remaining allegations of paragraph 195.

196.    Defendants deny that Tarry ever served as an assistant manager of the Captain George's Seafood Restaurant® operated by CGSC in Myrtle Beach, South Carolina.  Defendants deny the remaining allegations of paragraph 196.

197.    Defendants deny that Tarry ever served as an assistant manager of the Captain George's Seafood Restaurant® operated by CGSC in Myrtle Beach, South Carolina.  Defendants do not have sufficient information to permit them either to admit or to deny the remaining allegations of paragraph 197.

198.    Defendants deny that Tarry ever served as an assistant manager of the Captain George's Seafood Restaurant® operated by CGSC in Myrtle Beach, South Carolina.  Defendants deny the remaining allegations of paragraph 198.

199.    Defendants admit that Zayneeva is presently employed as a server by CGSC and works at the Captain George's Seafood Restaurant® operated by CGSC in Myrtle Beach, South Carolina.  Defendants do not presently have sufficient information to permit them either to admit or to deny the starting date of Zayneeva's employment.

200.    Defendants admit that the typical hours worked by servers at the Captain George's Seafood Restaurant® operated by CGSC in Myrtle Beach, South Carolina is 25-35 hours, although hours worked vary seasonally and are affected, as in all restaurants, by holidays, weather and other factors.  Defendants do not presently have sufficient information to permit them either to admit or to deny the specific hours worked by Zayneeva over the period alleged.

201.    Defendants admit that the primary job responsibility of all servers at the Captain George's Seafood Restaurant® in Myrtle Beach, South Carolina is to provide outstanding customer service to guests of the Restaurant.

202.    Denied.

203.    Defendants deny that Zayneeva is presently paid $2.125 per hour, and affirmatively aver that she is paid $2.13 per hour, the tipped employee minimum wage. Defendants do not presently have sufficient information to permit them either to admit or to deny the historical rate at which Zayneeva was paid.

204.    Denied.

205.    Defendants admit that CGSC utilized a tip pool in the Captain George's Seafood Restaurant® in Myrtle Beach, South Carolina, and that the contribution to the pool during at least a portion of the period placed at issue in this action was three percent of sales made by the server.

206.    Denied.

207.    Denied.

208.    Defendants do not presently have sufficient information to permit them either to admit or to deny the allegations of paragraph 186.

209.    Defendants do not presently have sufficient information to permit them either to admit or to deny the allegations of paragraph 186.

210.    Defendants admit that Pentecost is a former employee of Lideslambous. Defendants do not presently have sufficient information to permit them either to admit or to deny the precise dates of Pentecost's former employment.

211.     Defendants do not presently have sufficient information to permit them either to admit or to deny what number of hours worked was "typical" for Pentecost.  Defendants admit that a server at the Williamsburg Restaurant would typically work 25-35 hours per week, but that total hours are affected by season, weather and other variables.

212.     Defendants admit that the primary responsibility of all servers working at the Captain George's Seafood Restaurant® operated by Lideslambous is to provide outstanding service to customers dining at the Restaurant.

213.     Denied.

214.     Defendants are investigating the allegations of this paragraph 214 regarding the historical wage rate at which Pentecost was paid, and do not presently have sufficient information to permit them either to admit or to deny the allegations of this paragraph 214.

215.     Denied.

216.     Defendants admit that Lideslambous, during the course of Pentecost's employment, maintained a tip pooling arrangement pursuant to which servers contributed either 2% or 2.25% of total sales to the tip pool shared among customarily tipped employees.

217.     Denied.

218.     Defendants are investigating the allegations of this paragraph 218, and do not presently have sufficient information to permit them either to admit or to deny the allegations of this paragraph 218.

219.     Denied.

220.    Paragraph 220 sets out contentions of law that require no response.  To the extent that any response is required, Defendants deny that a collective action joining the employees of all of the Restaurants is appropriate.

221.    Denied.

222.    Denied.

223.    Paragraph 223 states a contention of law that requires no response.  To the extent that any response is required, Defendants deny that they have willfully acted in violation of any applicable law.

224.    Paragraph 224 states a contention of law that requires no response.  To the extent that any response is required, Defendants deny that they have willfully acted in violation of any applicable law.

225.    Paragraph 225 states a contention of law that requires no response.  To the extent that any response is required, Defendants affirmatively aver that paragraph 225  incorrectly states applicable law, and deny that they have willfully acted in violation of any applicable law.

226.    Paragraph 226 states a contention of law that requires no response.  To the extent that any response is required, Defendants deny that they have willfully acted in violation of any applicable law.

227.    Paragraph 227 states a contention of law that requires no response.  To the extent that any response is required, Defendants deny that they have willfully acted in violation of any applicable law.

228.    Paragraph 228 states a contention of law that requires no response.  To the extent that any response is required, Defendants deny that they have willfully acted in violation of any applicable law.

229.    Paragraph 229 states a contention of law that requires no response.  To the extent that any response is required, Defendants deny that they have willfully acted in violation of any applicable law.

230.    Denied.

231.    Paragraph 231 states a contention of law that requires no response.

232.    Paragraph 232 states a contention of law that requires no response.

233.    Defendants believe that the names and last known addresses of former employees employed on and after May, 2014 are available to them, and admit that the names and present addresses of current employees, as reported by those employees, are available to them.

234.    Paragraph 234 states the intention of counsel for plaintiffs and as such requires no response.

235.    Paragraph 235 states a contention of law that requires no response.  Defendants answer further by affirmatively averring that the class, as stated, is not appropriately certifiable pursuant to Fed. R. Civ. P 23, as it includes entities and individuals that are not and never have been employers of any potential class member.

236.    Paragraph 236 states a contention of law that requires no response.

237.    Defendants believe that the names, last known addresses, and pay records (including rates of pay and hours worked) of former employees of CGSC (the only employer of potential former South Carolina server class members described in the Complaint) who worked for CGSC on and after May, 2014, are available to them.  Defendants believe that that the names, current addresses (as reported by employees), and pay records (including rates of pay and hours worked) of current server employees of CGSC (the only employer of potential class members described in the Complaint) are available to them.

238.    Paragraph 238 states a contention of law that requires no response.

239.    Defendants admit that the number of former and current employees who have worked as servers for CGSC since May, 2014, exceeds fifty.

240.    Paragraph 240 states a contention of law that requires no response.

241.    Denied.

242.    Denied.

243.    Denied.

244.    Denied.

245.    Paragraph 245 states the intention of the plaintiffs and as such requires no response.

246.    Paragraph 246 states a contention of law that requires no response.

247.    Paragraph 247 states the beliefs or the plaintiffs and/or their attorneys regarding the competence and experience of plaintiffs' counsel, and as such requires no response.

248.    Paragraph 248 states contentions of law that require no response.  Defendants answer further by denying that the claims placed at issue in the class action portion of the Complaint are susceptible of class-wide proof, and affirmatively aver to the contrary that the claims advanced by and through the proposed class action, by their very nature, would require substantial individualized proof.

249.    To the extent that paragraph 249 purports to describe the practices and/or intentions of any defendant in this action, the allegations of paragraph 249 are denied.

250.    Paragraph 250 states a contention of law that requires no response.

251.    Paragraph 251 states contentions of law, as applied to the facts of this case, that require no response.  To the extent that any response is required, Defendants deny that the class as proposed is properly certifiable pursuant to Fed. R. Civ. P. 23.

252.    Paragraph 252 consists of contentions of law that require no response; to the extent that any response to the allegations of this paragraph is required, those allegations are denied.  Defendants further respond by stating that the definition of the proposed class is inappropriate because it includes entities and individuals who are not, and have not been, employers of any plaintiff or proposed or potential class member, and because it includes numerous persons not subject to the Virginia Minimum Wage Act.

253.    Paragraph 253 consists of contentions of law that require no response.

254.    Defendants admit that the number, identity, hours worked, positions held, rates of pay, noncash tips received, cash tips reported, deductions from pay of, and contact information for servers who were or are employees of Pitsilambous or Lideslambous are ascertainable from the payroll records maintained by Management for those Restaurant Operating Companies.  The remainder of this paragraph consists of contentions of law that require no response.

255.    The allegations of paragraph 255 consist of contentions of law that require no response; to the extent that any response is required, the allegations of this paragraph are denied.

256.    Defendants admit that, if the "Virginia Class" to which this paragraph refers is defined to include servers who worked or are currently working for Pitsilambous or Lideslambous, which operate Captain George's Seafood Restaurants® in Virginia Beach and Williamsburg, Virginia, respectively, there are more than 50 potential members of the "class."

257.    The allegations of paragraph 257 consist of contentions of law that require no response; to the extent that any response is required, the allegations of this paragraph are denied.

258.    Denied.

259.    The allegations of paragraph 259 consist of contentions of law that require no response; to the extent that any response is required, the allegations of this paragraph are denied.

260.    Denied.

261.    Denied.

262.    The allegations of paragraph 255 consist of assertions attributed to plaintiff Pentecost that require no response; to the extent that any response is required, the allegations of this paragraph are denied.

263.    The allegations of paragraph 263 consist of contentions of law that require no response; to the extent that any response is required, the allegations of this paragraph are denied.

264.    The allegations of paragraph 264 consist of contentions regarding the competence and experience of plaintiffs' counsel that require no response; to the extent that any response is required, Defendants do not have sufficient information to permit them either to admit or to deny the allegations of this paragraph.

265.    The allegations of paragraph 265 consist of contentions of law that require no response; to the extent that any response is required, the allegations of this paragraph are denied.

266.    The allegations of paragraph 266 consist of generic assertions regarding employees, not limited to this case, and their likely willingness to assert claims; as such, these allegations require no response.  To the extent that any response to these allegations is required, the allegations of this paragraph are denied.

267.    Denied.

268.    The allegations of paragraph 268, including each of the subparagraphs identified as "a" through "g," consist of contentions of law that require no response; to the extent that any response is required, the allegations of this paragraph are denied.

269.    Defendants incorporate by reference and reallege as if set forth in full their responses to paragraph 1 through 269 herein.

270.    Paragraph 270 states a contention of law that requires no response.

271.    Denied.

272.    The allegations of paragraph 272 regarding applicable law are contentions of law that require no response.  Defendants are currently investigating the remaining allegations of paragraph 272 and do not presently have sufficient information to permit them either to admit or to deny the allegations of paragraph 272.  Defendants affirmatively aver that, if an incorrect tipped employee wage rate was utilized at any time in generating the paychecks of any tipped employees, such error was entirely the product of inadvertence or mistake and was not willful.

273.    Denied.

274.    Denied.

275.    Defendants are investigating the allegations of paragraph 275 and do not presently have sufficient information to permit them either to admit or to deny the allegations of this paragraph.

276.    Paragraph 276 states a contention of law that requires no response.  To the extent that any response is required, the allegations of paragraph 276 are denied.

277.    Denied.

278.    Denied.

279.   Paragraph 279 states contentions of law that require no response.  To the extent that any response to the allegations of 279 is required, those allegations are denied.

280.   Defendants incorporate by reference and reallege as if set forth in full their responses to paragraphs 1 through 279 of the Complaint.

281.   Defendants admit that some employees of the four Restaurant Operating Companies have from time to time worked more than 40 hours in a work week.

282.   Denied.

283.   Defendants are investigating the allegations of paragraph 283 and do not presently have sufficient information to permit them either to admit or to deny the allegations of paragraph 283.  Defendants affirmatively aver that, if an incorrect overtime wage rate was paid to any employee for overtime hours worked, such error was entirely the product of inadvertence or mistake, and was not willful.

284.   Defendants are investigating the allegations of paragraph 284 and do not presently have sufficient information to permit them either to admit or to deny the allegations of paragraph 284.  Defendants affirmatively aver that, if an incorrect overtime wage rate was paid to any employee for overtime hours worked, such error was entirely the product of inadvertence or mistake, and was not willful.

285.   Denied.

286.   Paragraph 286 states contentions of law that require no response.  To the extent that any response to the allegations of paragraph 286 is required, those allegations are denied.

287.   Defendants incorporate by reference and reallege as if set forth in full their responses to paragraphs 1 through 286 herein.

288.    Defendants deny that any defendant other than CGSC is an employer of persons in the State of South Carolina.  Defendants admit that CGSC is an employer of persons in the State of South Carolina.

289.    Defendants admit that CGSC formerly employed (in the case of plaintiffs Gagliastre and Tarry) or presently employs (in the case of Zayneeva) the plaintiffs within the State of South Carolina.  Defendants deny that any other defendants employed members of the proposed class, as defined by plaintiffs.

290.    Paragraph 290 states a contention of law that requires no response.

291.    Denied.

292.    Denied.

293.    Denied.

294.    Denied.

295.    Paragraph 295 states contentions of law that require no response.  To the extent that any response to the allegations of paragraph 295 is required, those allegations are denied.

296.    Defendants incorporate by reference, as if set forth in full, their responses to the paragraphs 1 through 295 of the Amended Complaint.[3]

297.    The allegations of paragraph 297 consist of contentions of law that require no response; to the extent that any response is required, the allegations of this paragraph are denied.

298.    Denied.

299.    Defendants are investigating the allegations of this paragraph 299 and do not presently have sufficient information to permit them either to admit or to deny the allegations of paragraph 299.

300.    Denied.

301.    Denied.

302.    Defendants are presently investigating the allegations of this paragraph and do not presently have sufficient information to permit them either to admit or to deny the allegations of this paragraph.

303.    Denied.

304.    Denied.

305.    Denied.

306.    Defendants incorporate by reference and reallege as if set forth in full their responses to paragraphs 1 through 305 herein.

307.    Defendants deny that Tarry was an "assistant manager" at the Captain George's Seafood Restaurant® in Myrtle Beach, South Carolina.   Defendants are investigating the remaining allegations of paragraph 307 and do not presently have sufficient information to permit them either to admit or to deny the remaining allegations of paragraph 307.

308.    Defendants deny that Tarry was an "assistant manager" at the Captain George's Seafood Restaurant® in Myrtle Beach, South Carolina.   Defendants are investigating the remaining allegations of paragraph 308 and do not presently have sufficient information to permit them either to admit or to deny the remaining allegations of paragraph 308.

309.    Defendants are investigating the allegations of paragraph 309 and do not presently have sufficient information to permit them either to admit or to deny the allegations of paragraph 309.

---

3       Defendants' responses to paragraphs 296–305 are without prejudice to their pending motion to dismiss Count 4 of the First Amended Complaint for failure to state a claim upon which relief may be granted.

---

310.    Defendants deny that plaintiff Tarry was an "assistant manager" at the Captain George's Seafood Restaurant® in Myrtle Beach, South Carolina.  Defendants are investigating the remaining allegations of paragraph 310 and do not presently have sufficient information to permit them either to admit or to deny the remaining allegations of paragraph 310.

311.    Defendants deny that plaintiff Tarry was an "assistant manager" at the Captain George's Seafood Restaurant® in Myrtle Beach, South Carolina.  Defendants are investigating the remaining allegations of paragraph 311 and do not presently have sufficient information to permit them either to admit or to deny the remaining allegations of paragraph 311.

312.    Defendants deny that plaintiff Tarry was an "assistant manager" at the Captain George's Seafood Restaurant® in Myrtle Beach, South Carolina.  Defendants are investigating the remaining allegations of paragraph 312 and do not presently have sufficient information to permit them either to admit or to deny the remaining allegations of paragraph 312.

313.    Denied.

314.    Paragraph 314 states contentions of law that require no response.  To the extent that any response to the allegations of paragraph 314 is required, those allegations are denied.

315.    To the extent that any allegation is not fully addressed in paragraphs 1 through 315 of this Answer, such allegation is denied.  Defendants deny that they are liable to these plaintiffs, to the putative collective, or to the putative classes or any subclass thereof, for any reason and in any amount.

*Affirmative Defenses*

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action against any defendant other than the four Restaurant Operating Companies, as defined herein, in that no other defendant is or was an employer of any of the plaintiffs, putative collective action members, or putative class members.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of every person on whose behalf relief is sought, are barred to the extent Defendants did not approve or permit the alleged overtime work.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs, and every person on whose behalf relief is sought, are not entitled to any recovery under the FLSA or applicable state law to the extent the actions taken by Defendants were taken in good faith in conformity with and in reliance on a written administrative regulation, order, ruling, approval, or interpretation, and/or administrative practice or enforcement policy, of the Department of Labor or applicable state agencies.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs, and every person on whose behalf relief is sought, are not entitled to any penalty award or liquidated damages under the FLSA or applicable state law because, at all times relevant herein, Defendants acted in good faith and had reasonable grounds for believing that they did not violate the FLSA or applicable state law.

## FIFTH AFFIRMATIVE DEFENSE

To the extent any damages were sustained by plaintiffs, or persons on whose behalf relief is sought, which is expressly denied by Defendants, such damages should be calculated in accordance with 29 C.F.R. 778.114.

## SIXTH AFFIRMATIVE DEFENSE

This action does not meet the requirements for a collective action under federal law and plaintiffs cannot prosecute it on a collective basis.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs, and persons on whose behalf relief is sought, cannot proceed in this action to the extent they have failed to satisfy the "opt-in" requirements of 29 U.S.C. § 216(b).

## EIGHTH AFFIRMATIVE DEFENSE

Defendants deny any violation of the Fair Labor Standards Act, *29 U.S.C. § 201, et seq.,* and rely upon all available defenses under that statute and under applicable state law.

## NINTH AFFIRMATIVE DEFENSE

Any alleged violation of the Fair Labor Standards Act by Defendants, the existence of which is denied, was not willful and accordingly a two year statute of limitations shall apply as set forth in 29 U.S.C. § 255.

## TENTH AFFIRMATIVE DEFENSE

Defendants acted in good faith and accordingly are not liable for liquidated damages pursuant to 29 U.S.C. § 260.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of each putative member of each purported class/subclass defined in the Complaint, are barred in whole or in part because such claims have been waived, discharged and/or abandoned.

## TWELFTH AFFIRMATIVE DEFENSE

Some or all of plaintiffs' and collective and class members' claims arising under state law are preempted by federal law and/or can be asserted only if plaintiffs and collective and class members elect to pursue those claims in lieu of those arising under the Fair Labor Standards Act.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to allege additional affirmative defenses as they may become known to them and to amend this Answer accordingly.

### *Prayer for Relief*

**WHEREFORE** Defendants respectfully pray that this Court enter judgment in their favor as to all claims set forth in the Amended Complaint, dismiss the Amended Complaint with prejudice, and award them their costs herein expended.

Respectfully submitted,

**CAPTAIN GEORGE'S OF SOUTH
  CAROLINA, LP
CAPTAIN GEORGE'S OF SOUTH
  CAROLINA, INC.
CAPTAIN KDH, LLC
LIDESLAMBOUS, INC.
PITSILAMBOUS, INC.
PITSILIDES MANAGEMENT, LLC
GEORGE PITSILIDES
SHARON B. (SHERRY) PITSILIDES
DOE CORPORATIONS 1-4**

By:____/s/ Alan D. Albert_____
          Of counsel

Alan D. Albert
Virginia State Bar No. 25142
Attorney for Defendants
LeClairRyan, a Professional Corporation
999 Waterside Drive, Suite 2100
Norfolk, VA  23510
Phone:  (757) 441-8914
Direct fax:  (757) 441-8974
alan.albert@leclairryan.com

James P. Anelli (*admitted pro hac vice*)
New Jersey State Bar No. 31071984
LeClairRyan, a Professional Corporation
1037 Raymond Boulevard, 16th Floor
Newark, NJ 07102
Phone: (973) 491-3550
Fax:  (973) 491-3555
James.anelli@leclairryan.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of September, 2017, I electronically filed the foregoing Answer and Affirmative Defenses to Amended Complaint with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

/s/ Alan D. Albert
Alan D. Albert
Virginia State Bar No. 25142
Attorney for Defendants
LeClairRyan, a Professional Corporation
999 Waterside Drive, Suite 2100
Norfolk, VA  23510
Phone:  (757) 441-8914
Direct fax:  (757) 441-8974
alan.albert@leclairryan.com