# EXHIBIT
# 1

In the United States District Court
for the District of South Carolina
Florence Division

| | |
|---|---|
| Chris Gagliastre, *et al.*, | |
| *On behalf of themselves and those similarly situated*, | Civil Action No. 4:17-cv-1308 (RBH) |
| Plaintiffs, | |
| v. | |
| Capt. George's Seafood Restaurants, LP, *et al.*, | |
| Defendants. | |

First Requests for Production to Defendant Captain George's of South Carolina, LP

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs hereby request that Defendant Captain George's of South Carolina, LP produce the following documents and electronically-stored information and things for inspection and copying within 30 days at the offices of Andrew Kimble, Markovits, Stock & DeMarco, 3825 Edwards Road, Suite 650, Cincinnati, OH 45209. Defendants are also required to serve written responses to these requests within 30 days.

## **Definitions**

1.    "**All**," "**each**," **and** "**every**" shall be construed as inclusive or exclusive, as necessary to afford the widest possible scope of inquiry to the discovery request containing such terms.

2.    "**And/or**," "**or**," **and** "**and**" are used inclusively, not exclusively.

3.     "**Communications**" means, without limitation, the transfer of any information of any form, whether written, oral, electronic, or otherwise, from one person or entity to another— including but not limited to, any summaries, recordings, or memoranda of the communication.

4.     "**Compensation**" means all monies and benefits, including but not limited to: salaries; hourly wages; overtime wages, commissions; raises; and bonuses, or any other employment benefit plans, including, but not limited to, pension, severance, stock, retirement, and medical plans.

5.     "**Server**" is a generic title used to refer to Plaintiffs' position or former position with Defendant (with the exception of Plaintiff Tarry subsequent to in or about the summer of 2015). The term includes any job position with Defendant, regardless of title, that is substantially similar to that of Plaintiffs, including waiters and waitresses.

6.     The terms "**Defendant**," "**you**" or "**your**" or "**Captain George's**" refer to Captain George's of South Carolina, LP, and all of its agents, subsidiaries, divisions, and related entities (including all of their agents, subsidiaries, divisions, predecessors, successors, assignees, etc.) and all present and former employees, officers, directors, agents, attorneys, consultants, contractors, investigators, representatives, and any other person or entity acting for you or on your behalf, and other person acting or purporting to act on behalf of any and all of the above entities and persons.

7.     "**Document**" and "**documents**" include: All things encompassed by the definition of the word "document" in Federal Rule of Civil Procedure 34(a), and/or "writings and recordings" in Federal Rule of Evidence 1001(1)—including, without limitation:

    a.     All electronic information and other information, and all other communications, records, data, files, writings, handwritings, messages,

and anything that is a mail, file, file cover, datum, memorandum, letter, envelope, correspondence, report, note, sticker, Post-It, message, telephone or voice recording, other recording, telephone log, diary, journal, minute(s), calendar, summary, draft, work paper, facsimile, contract, invoice, chart, graph, index, directory, computer disk, computer tape, computer screen, computer printout, storage, affidavit, book, paper, publication, article, study, pamphlet, bulletin, photograph, drawing, picture, film, audio and/or video recording, survey, test result, list, or transcript, and any other written, printed, typed, taped, filmed, electronically-stored, or graphic, sound, or electronic matter, and any other item of information—however kept, stored, produced, or reproduced.  (Electronic information further includes any electronic record, and all items stored in or on computer memories, hard disks, floppy disks, CD-ROM, zip-drives, other drives, electronic bulletin boards, including all levels of access, sub-boards, conferences, metadata, and all information contained therein, and any other vehicle for information storage and/or transmittal. Unless otherwise specified, all electronic information should be produced in its native format with metadata intact.)

b. All files, file covers, folder tabs, containers, storage devices, and labels that at any time accompanied or were appended to, or associated in any way with the original and any copies of the document(s)—and any other file-related documents and information (including metadata).

c. All other related electronic data and information—including the original (and all copies where an original is not available) and all non-identical copies.

d. All originals, copies, and other versions—including all non-identical copies, drafts, rough drafts, etc.—whether or not the copies and versions are non-identical because of any handwritten notes, comments, attachments, annotations, marks, transmission notations, highlighting of any kind, or any other kinds of markings, notes, or changes.

8. **"Identify" or "Identification"** means, when used in reference to:

a. "Identify," "identified," or "identity" when used herein in reference to a natural person, means (a) his/her full name and present or last known address, email address, and phone number and (b) his/her present or last known business affiliation and position therewith.  If any of the above information is not available to you, then any other available means of identifying such natural person.

b. "Identify," "identified," or "identity" when used herein in reference to

3

anyone or anything other than a natural person, means (a) its full name, (b) nature of its organization, including the name of the state under which same was organized, (c) its address(es), (d) the address of its principal place of business, and (e) its principal line of business. If any of the above information is not available to you, then any other available means of identifying such entity or person.

9. "**Relating to**" and/or "**relates to**" and/or "**related to**" mean, without limitation, constituting, mentioning, referring to, describing, summarizing, evidencing, listing, relevant to, demonstrating, tending to prove or disprove, or explaining.

10. The "**litigation**" means the present lawsuit titled, Gagliastre, et al v. Capt. George's Seafood Restaurants, LP, 4:17-cv-1308 (RBH) (D.S.C).

11. "**Relevant period**" refers to the period from May 19, 2014 through the present.

## Instructions

Unless otherwise indicated, the following instructions apply to, and are incorporated into, the definitions set forth above, all requests, and these instructions:

1. All requests pertain to the entirety of the relevant period.

2. With respect to each document produced, Plaintiffs request that Defendant specify the request(s) to which the document is responsive.

3. Pursuant to Fed. R. Civ. P. 34, each document shall be produced as it is kept in the usual course of business and shall be organized and labeled with the categories in these requests.

4. At or before the filing of the complaint in this case, Defendant was under a duty to preserve documents and ESI related to this matter. Accordingly, Plaintiffs expect that Defendant and their counsel will prevent the destruction or alteration of any Documents requested herein by the operation of any electronic information system (routine or otherwise) and hereby puts Defendant on notice that any destruction or alteration of such documents, or any

action that makes such documents more difficult or expensive to access and use, without completing a meet and confer process with Plaintiffs' counsel regarding such action, will not be considered to be in "good faith," as contemplated in Fed. R. Civ. P. 37(f). If Defendants do not believe that it can reasonably comply with this instruction, Plaintiffs request that Defendant contact Plaintiffs, in writing, within 10 days from receipt of these Requests, to meet and confer about whether immediate Court intervention is necessary.

5. With respect to each request, Defendant is requested to provide all documents in Defendants' possession, custody, or control that are known to Defendants or that Defendants can locate or discover through reasonably diligent efforts.

6. If Defendant cannot respond or produce documents in response to any part of the following Requests in full, please respond to the extent possible, specifying the reason or reasons for Defendants' inability to respond or produce documents in response to the remainder of the requests.

7. If, to Defendant's knowledge, documents responsive to one or more requests were never in Defendants' possession, custody, or control but are or have been in the possession, custody, or control of any other person, please identify all such persons.

8. If any responsive document was formerly in Defendant's possession, custody, or control but has been eliminated from Defendant's possession in any way, including, but not limited to, having been lost, destroyed, transmitted, or discarded, please submit a written statement as follows:

    a. The basis for withholding such document;

    b. A generic description of the document being withheld;

c. The date the information contained in the document was learned or the document created;

d. The identity of the individual(s) who learned the information or authored the document;

e. The date the document was transmitted or otherwise made available to anyone; and

f. The specific Request(s) to which the withheld document relates.

9. If requested documents are maintained in a file, folder, or other container, please produce the file, folder, or other container, or a complete copy of same, with the documents. For ESI that originates in a digital folder structure, please produce the folder names and relationships as metadata.

10. The scope of your search for ESI shall include all forms of ESI collection, preservation, transmission, communication and storage, including:

a. All ESI generated and maintained in the ordinary course of business, including ESI stored on mainframe computers or local and network computers or drives or servers or any other media or location where ESI can be or is stored;

b. Distributed data or removable data, i.e., information which resides on portable media and non-local drives, including home computers, laptop computers, magnetic or floppy discs, CD-ROMs, DVDs, zip drives, Internet repositories including emailed host by Internet service providers, handheld storage devices such as BlackBerry devices, cellular telephones, and flash memory drives;

c. Forensic copy or backup ESI, including archive and backup data tapes and discs;

d. Network data, including voice mail systems, email servers, ISP servers, network servers, cloud servers and fax servers;

e. Legacy ESI, i.e., retained data that has been created or stored by the use of software or hardware that has been rendered outmoded or obsolete; and

f. Metadata, i.e., information regarding a particular data set which describes

how, when and by whom it was collected, created, accessed and modified and how it is formatted.

13.     Unless otherwise indicated in writing, the failure to produce any documents in response to any request herein means that such documents do not exist, or are not in Defendant's possession, custody, or control, or the possession, custody, or control of Defendant's agents or anybody acting on Defendant's behalf.

14.     To the extent documents responsive to these requests have already been produced by Defendant, state the unique identifier or Bates number for each responsive document that was previously produced.

15.     All requests contained herein shall be deemed continuing and supplemental answers shall be required if you directly or indirectly obtain further information after your initial response as provided in Rule 26(e).

## Documents to be Produced

1.     Produce computer readable list, spreadsheet, or database that identifies (including all contact information specified in the instructions) all Servers employed by Captain George's of South Carolina, LP during the relevant time period.

2.     Produce all documents related to any job posting, job description, or other description of Servers' duties and obligations at Captain George's of South Carolina, LP.

3.     Produce all paystubs issued to Servers at Captain George's of South Carolina, LP during the relevant time period.

4.     Produce all documents, including but not limited to any computer readable list, spreadsheet, or database, related to payments made or compensation provided to Servers in connection with their employment at Captain George's of South Carolina, LP, including but not

limited to hourly wages, tips, and other payments.

5.        Produce all time sheets of Servers at Captain George's of South Carolina, LP during the relevant time period.

6.        Produce all documents, including but not limited to any computer readable list, spreadsheet, or database, related to hours worked by Servers during the relevant time period at Captain George's of South Carolina, LP.

7.        Produce all documents related to Captain George's of South Carolina, LP's payroll practices or policies in effect at any time during the relevant time period with respect to Servers.

8.        Produce all documents related to Captain George's of South Carolina, LP's practices and policies in effect at any time during the relevant time period with respect to tip pooling.

9.        Produce all employee handbooks, manuals, procedure documents, managers' handbooks, restaurant operations documents, and any other documents relating to Captain George's of South Carolina, LP's restaurant operations and employment policies.

10.       Produce all documents relating to "side work" (*i.e.*, work not involving direct interaction with diners at the restaurant) that is assigned to Servers at Captain George's of South Carolina, LP.

11.       Produce all documents, including by not limited to any computer readable list, spreadsheet, or database, related to tips or gratuities received by Servers at Captain George's of South Carolina, LP during the relevant time period.

12.       Please produce all documents showing who received any percentage of money

Plaintiffs received as tips and how much each person/entity received. For example, if a busser received a portion of that money, please produce documents demonstrating who that busser is, how much tip money he received, the manner in which the money was paid to him/her, from whom, and when.

13.        Produce all documents relating to tips pooled by, shared by, and/or paid out to Servers at Captain George's of South Carolina, LP, including any documents relating to who received a portion of tips received by Servers at Captain George's of South Carolina, LP during the relevant time period.

14.        Produce all documents relating to "autogratuities" or "autograt" pooled by, shared by, and/or paid out to Servers at Captain George's of South Carolina, LP, including any documents relating to who received a portion of the "autograt" during the relevant time period.

15.        For each "dining room" at Captain George's of South Carolina, LP, produce all documents or computer records generated relating to sales made, tips made, and autogratuities, throughout the relevant time period. As an example (not a limitation) of the documents sought by this request, please see all of the documents that comprise Exhibit N, attached to Plaintiffs' Motion for Conditional Certification (Doc. 5-15).

16.        Produce all documents or computer records generated relating to restaurant-wide sales made, tips made, and autogratuities, throughout the relevant time period. As an example (not a limitation) of the documents sought by this request, please see all of the documents that comprise Exhibit O, attached to Plaintiffs' Motion for Conditional Certification (Doc. 5-16).

17.        Produce all documents relating to the autogratuity policy at Captain George's

of South Carolina, LP.

18.     Produce all documents relating to any policies or practices at Captain George's of South Carolina, LP in connection with overtime work.

19.     Produce all documents relating to communications with customers of Captain George's of South Carolina, LP, including but not limited to any explanations or descriptions of the policy appearing on any menu, receipt, through any online communications, and/or through any signage at the Captain George's of South Carolina, LP restaurant location.

20.     Produce all documents relating to any notice or notices provided by to Servers at Captain George's of South Carolina, LP regarding Defendant's policy of taking a tip credit from Servers' wages.

21.     Produce all documents relating to the uniform or dress code policy in place at Captain George's of South Carolina, LP during the relevant time period.

22.     Produce all menus used by Captain George's of South Carolina, LP throughout the relevant time period.

23.     Produce all documents relating to the work schedules of Servers at Captain George's of South Carolina, LP throughout the relevant time period.

24.     Produce all documents relating to the hours of operation of Captain George's of South Carolina, LP throughout the relevant time period.

25.     Produce all posters or other documents provided to Servers at Captain George's of South Carolina, LP relating to their rights as employees.

26.     Produce all documents relating to complaints by employees regarding unpaid or underpaid wages, tips, tip sharing, or any other complaints relating to compensation, whether

formal or informal.

27.      Produce all documents provided to or made available to employees at Captain George's of South Carolina, LP relating to the process for making a complaint to the company about any aspect of their employment during the relevant time period.

28.      Produce all job application forms used by Captain George's of South Carolina, LP during the relevant time period.

29.      Produce all documents relating to any "quiz" or "test" that employees were required to complete upon hire to Captain George's of South Carolina, LP.

30.      Produce all documents related to any job posting, job description, or other description of bartenders' duties and obligations at Captain George's of South Carolina, LP.

31.      Produce all documents related to any job posting, job description, or other description of assistant managers' duties and obligations at Captain George's of South Carolina, LP.

32.      Produce all documents relating to the compensation policies and practices with respect to bartenders in place at Captain George's of South Carolina, LP during the relevant time period.

33.      Produce all documents relating to the compensation policies and practices with respect to assistant managers in place at Captain George's of South Carolina, LP during the relevant time period.

34.      Produce all documents relating to the compensation paid to Zachary Tarry when he worked for Captain George's of South Carolina, LP as a bartender.

35.      Produce all documents relating to the compensation paid to Zachary Tarry

when he worked for Captain George's of South Carolina, LP as an assistant manager.

36.     Produce all documents relating to the hours worked by Zachary Tarry at Captain George's of South Carolina, LP as a bartender.

37.     Produce all documents relating to the hours worked by Zachary Tarry at Captain George's of South Carolina, LP as an assistant manager.

38.     Produce all documents provided to Zachary Tarry and other bartenders and/or assistant managers at Captain George's of South Carolina, LP relating to taking a tip credit from their wages.

39.     Produce all documents relating to any lawsuits or investigations by the U.S. Department of Labor or any state department or agency relating to a complaint, claim, or demand by any employee, person, or agency regarding minimum wage, overtime, or tip violations at Captain George's of South Carolina, LP.

40.     Produce all documents, audio recordings, video recordings, witness statements, and/or affidavits that relate to the allegations in the Complaint or any defenses raised by you.

41.     Produce all insurance agreements and policies under which any insurance company or other entity may be liable to satisfy all or part of a judgment which may be entered in this action, to indemnify or reimburse for payments made to satisfy the judgment, or to satisfy all costs and expense in defense of litigation.

42.     Produce all documents relating to any reports, audits, calculations, research, or strategies considered by, or prepared by, Captain George's of South Carolina, LP in connection with the compensation policies and practices relating to Servers at Captain George's of South

Carolina, LP.

43. Produce all documents relating to your preservation and retention of documents potentially discoverable in this litigation.

44. Produce all documents relating to the ownership and/or ownership structure of Captain George's of South Carolina, LP.

45. Produce all documents relating to any trademarks used by Captain George's of South Carolina, LP, including but not limited to documents relating to who owns the trademark, how Captain George's of South Carolina, LP has permission to use the trademarks, and any other entities or individuals who are also permitted to use the trademarks.

46. Produce all documents you received, reviewed, examined, used, and/or upon which you relied in preparing your response to these discovery requests and any interrogatories.


Date: June 19, 2017                    Respectfully submitted,

                                        /s/ Patrick McLaughlin

                                        Patrick McLaughlin
                                        Wukela Law Firm
                                        403 Second Loop Rd.
                                        PO Box 13057
                                        Florence, SC 29504-3057
                                        843-669-5634 (Phone)
                                        843-669-5150 (Fax)
                                        (Patrick@wukelalaw.com)

                                        Andrew Biller (*pro hace vice filing forthcoming*)
                                        Andrew Kimble (*pro hace vice filing forthcoming*)
                                        Markovits, Stock & DeMarco, LLC
                                        3825 Edwards Road, Suite 650
                                        Cincinnati, OH 45209
                                        513-651-3700 (Phone)
                                        513-665-0219 (Fax)

(abiller@msdlegal.com)
(akimble@msdlegal.com)
www.msdlegal.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on June 19, 2017, the foregoing Requests for Production were served on counsel for Defendants by electronic mail and U.S. mail to the following address:

Alan Albert, Esq.
LeCLair Ryan
999 Waterside Drive, Suite 2100
Norfolk, VA 23510
Alan.albert@leclairryan.com

James Anelli, Esq. (via email only)
James.anelli@leclairryan.com

Neal Brodsky, Esq. (via email only)
Neal.brodsky@leclairryan.com

John Hutchins, Esq. (via email only)
John.hutchins@leclairryan.com

                              _/s/ Patrick McLaughlin_____
                              Patrick McLaughlin

In the United States District Court
for the District of South Carolina
Florence Division

| | |
|---|---|
| Chris Gagliastre, *et al.*, | |
| *On behalf of themselves and those similarly situated*, | Civil Action No. 4:17-cv-1308 (RBH) |
| Plaintiffs, | |
| v. | |
| Capt. George's Seafood Restaurants, LP, *et al.*, | |
| Defendants. | |

First Requests for Production to Defendant Captain George's of South Carolina, LP

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs hereby request that Defendant Captain George's of South Carolina, LP provide verified responses to the following interrogatories within 30 days at the offices of Andrew Kimble, Markovits, Stock & DeMarco, 3825 Edwards Road, Suite 650, Cincinnati, OH 45209.

## Definitions

1.     "**All**," "**each**," **and** "**every**" shall be construed as inclusive or exclusive, as necessary to afford the widest possible scope of inquiry to the discovery request containing such terms.

2.     "**And/or**," "**or**," and "**and**" are used inclusively, not exclusively.

3.     "**Communications**" means, without limitation, the transfer of any information of any form, whether written, oral, electronic, or otherwise, from one person or entity to another—

including but not limited to, any summaries, recordings, or memoranda of the communication.

4.  **"Compensation"** means all monies and benefits, including but not limited to: salaries; hourly wages; overtime wages, commissions; raises; and bonuses, or any other employment benefit plans, including, but not limited to, pension, severance, stock, retirement, and medical plans.

5.  **"Server"** is a generic title used to refer to Plaintiffs' position or former position with Defendant (with the exception of Plaintiff Tarry subsequent to in or about the summer of 2015). The term includes any job position with Defendant, regardless of title, that is substantially similar to that of Plaintiffs, including waiters and waitresses.

6.  The terms **"you"** or **"your"** or **"Captain George's"** refer to Captain George's of South Carolina, LP, and all of its agents, subsidiaries, divisions, and related entities (including all of their agents, subsidiaries, divisions, predecessors, successors, assignees, etc.) and all present and former employees, officers, directors, agents, attorneys, consultants, contractors, investigators, representatives, and any other person or entity acting for you or on your behalf, and other person acting or purporting to act on behalf of any and all of the above entities and persons.

7.  **"Document"** and **"documents"** include: All things encompassed by the definition of the word "document" in Federal Rule of Civil Procedure 34(a), and/or "writings and recordings" in Federal Rule of Evidence 1001(1)—including, without limitation:

    a.  All electronic information and other information, and all other communications, records, data, files, writings, handwritings, messages, and anything that is a mail, file, file cover, datum, memorandum, letter, envelope, correspondence, report, note, sticker, Post-It, message, telephone or voice recording, other recording, telephone log, diary, journal, minute(s), calendar, summary, draft, work paper, facsimile, contract, invoice, chart, graph, index, directory, computer disk, computer tape, computer screen, computer printout, storage, affidavit, book, paper,

publication, article, study, pamphlet, bulletin, photograph, drawing, picture, film, audio and/or video recording, survey, test result, list, or transcript, and any other written, printed, typed, taped, filmed, electronically-stored, or graphic, sound, or electronic matter, and any other item of information—however kept, stored, produced, or reproduced. (Electronic information further includes any electronic record, and all items stored in or on computer memories, hard disks, floppy disks, CD-ROM, zip-drives, other drives, electronic bulletin boards, including all levels of access, sub-boards, conferences, metadata, and all information contained therein, and any other vehicle for information storage and/or transmittal. Unless otherwise specified, all electronic information should be produced in its native format with metadata intact.)

b. All files, file covers, folder tabs, containers, storage devices, and labels that at any time accompanied or were appended to, or associated in any way with the original and any copies of the document(s)—and any other file-related documents and information (including metadata).

c. All other related electronic data and information—including the original (and all copies where an original is not available) and all non-identical copies.

d. All originals, copies, and other versions—including all non-identical copies, drafts, rough drafts, etc.—whether or not the copies and versions are non-identical because of any handwritten notes, comments, attachments, annotations, marks, transmission notations, highlighting of any kind, or any other kinds of markings, notes, or changes.

8. "**Identify**" or "**Identification**" means, when used in reference to:

a. "Identify," "identified," or "identity" when used herein in reference to a natural person, means (a) his/her full name and present or last known address, email address, and phone number and (b) his/her present or last known business affiliation and position therewith. If any of the above information is not available to you, then any other available means of identifying such natural person.

b. "Identify," "identified," or "identity" when used herein in reference to anyone or anything other than a natural person, means (a) its full name, (b) nature of its organization, including the name of the state under which same was organized, (c) its address(es), (d) the address of its principal place of business, and (e) its principal line of business. If any of the above information is not available to you, then any other available means of identifying such entity or person.

9. "**Relating to**" and/or "**relates to**" and/or "**related to**" mean, without limitation, constituting, mentioning, referring to, describing, summarizing, evidencing, listing, relevant to, demonstrating, tending to prove or disprove, or explaining.

10. The "**litigation**" means the present lawsuit titled, Gagliastre, et al v. Capt. George's Seafood Restaurants, LP, 4:17-cv-1308 (RBH) (D.S.C).

11. "**Relevant period**" refers to the period from May 19, 2014 through the present.

### Instructions

The following instructions shall apply to these interrogatories:

1. Under Rule 33 of the Federal Rules of Civil Procedure, each interrogatory must be answered separately, completely and fully under oath. If any interrogatory is objected to, the reason for such objection must be stated in lieu of an Answer.

2. These interrogatories are deemed to be continuing and Defendants shall be obligated to change, supplement and amend their answers as prescribed by Rule 26 of the Federal Rules of Civil Procedure.

3. Unless otherwise stated, each interrogatory covers the entire relevant time period. The response to each request shall include all documents relating to the period whether prepared before, during or after the period. Each interrogatory, whether expressed in the present tense or otherwise, refers to the entire period. If any change took place during the period with respect to any of the information requested, the date and nature of such change should be set forth.

4. For any interrogatory or part of an interrogatory which you refuse to answer under a claim or privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the nature of the information withheld; specify the grounds of

the claimed privilege and the paragraph of these interrogatories to which the information is responsive; and identify each person to whom the information, or any part of the information, has been disclosed.

## Interrogatories

**INTERROGATORY NO. 1.** Please identify all employees in the following positions that worked at any time during the relevant time period for the Defendant: (1) Servers; (2) Bussers; (3) Food Runners; (4) Managers; and (5) Any other person who shared in or benefited from tips received. To the extent that any employee's position or restaurant location changed at some point during the relevant time period, please identify the change and the dates of that employee's positions/locations. For each person identified in response to this Interrogatory, please include that person's rate(s) of pay and/or pay structure. Please also identify whether the person either (a) earned tips themselves or (b) participated in a tip pool or otherwise shared in tips received by Servers.

**Answer:**


**INTERROGATORY NO. 2.** Describe in detail any written or unwritten policies, procedures, practices, or guidelines that apply to how Servers are paid, and how Servers' tips are handled, divided, and/or distributed.  To the extent any amount of a Server's tips was not retained by the Server, identify who received or shared in that money, how that determination was made, and in what form that money was distributed to other persons and/or entities in the tip pool.

**Answer:**

**INTERROGATORY NO. 3.** Describe in detail how Servers' work time is recorded and tracked. Further, state whether the time keeping system is contemporaneous in nature (like a time clock). If the time keeping system is not contemporaneous (like signing off on time sheets), explain in detail how accuracy of those time sheets are maintained and when Servers sign off on their hours (e.g., at the end of each day, each week, each month).

**Answer:**


**INTERROGATORY NO. 4.** Identify any person or entity that was paid a percentage of tips that Servers received during their employment with Defendant. Describe in detail what percentage of Plaintiffs' tips that person/entity was paid.

**Answer:**


**INTERROGATORY NO. 5.** If Defendant or any other entity owned in whole or in part by Defendant has been sued or investigated by the U.S. Department of Labor, or has received a claim by or demand from any employee or other agency regarding minimum wage or overtime compensation, state the name of the claimant for the suit, claim, and/or investigation, and describe in detail the factual basis of the suit, claim and/or investigation.

**Answer:**


**INTERROGATORY NO. 6.** Identify all persons who are or have been involved in creating, maintaining, and/or executing Defendant's compensation policies and practices during the relevant time period, including but not limited to Defendant's policies and practices with respect to Servers' hourly pay rates and tip pooling.

**Answer**:

**INTERROGATORY NO. 7.** Identify all persons and/or entities who possess an ownership interest in Captain George's of South Carolina, LP, and the extent of that interest. To the extent any entity possesses an ownership interest in Captain George's of South Carolina, LP, please also identify who possesses an ownership interest in that entity.

**Answer**:

**INTERROGATORY NO. 8.** Identify the individual or individuals who process payroll checks for Defendant and state the individual or individuals' physical work location.

**Answer**:

**INTERROGATORY NO. 9.** Please describe the management structure and chain of command at Captain George's of South Carolina, LP, identifying each person within that chain of command and going up to and including the ultimate decision maker. To the extent that the ultimate decision maker is different for different matters, please so identify and describe.

**Answer:**

Date: June 19, 2017

Respectfully submitted,

/s/ Patrick McLaughlin

Patrick McLaughlin
Wukela Law Firm
403 Second Loop Rd.
PO Box 13057
Florence, SC 29504-3057
843-669-5634 (Phone)

843-669-5150 (Fax)
(Patrick@wukelalaw.com)

Andrew Biller (*pro hace vice filing forthcoming*)
Andrew Kimble (*pro hace vice filing forthcoming*)
Markovits, Stock & DeMarco, LLC
3825 Edwards Road, Suite 650
Cincinnati, OH 45209
513-651-3700 (Phone)
513-665-0219 (Fax)
(abiller@msdlegal.com)
(akimble@msdlegal.com)
www.msdlegal.com

*Counsel for Plaintiffs*

# VERIFICATION

I hereby swear or affirm under penalty of perjury that the answers to the foregoing interrogatories are true and correct.

_____

Print Name

_____

Role at Captain George's of South Carolina, LP

_____

Signature

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on June 19, 2017, the foregoing Requests for Production were served on counsel for Defendants by electronic mail and U.S. mail to the following address:

Alan Albert, Esq.
LeCLair Ryan
999 Waterside Drive, Suite 2100
Norfolk, VA 23510
Alan.albert@leclairryan.com

James Anelli, Esq. (via email only)
James.anelli@leclairryan.com

Neal Brodsky, Esq. (via email only)
Neal.brodsky@leclairryan.com

John Hutchins, Esq. (via email only)
John.hutchins@leclairryan.com

      /s/ Patrick McLaughlin
      Patrick McLaughlin

In the United States District Court
for the District of South Carolina
Florence Division

| | | |
|---|---|---|
| Chris Gagliastre, *et al.*, | | |
| *On behalf of themselves and those similarly situated*, | | Civil Action No. 4:17-cv-1308 (RBH) |
| Plaintiffs, | | |
| v. | | |
| Capt. George's Seafood Restaurants, LP, *et al.*, | | |
| Defendants. | | |

First Requests for Production to Defendant Pitsilambous, Inc.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs hereby request that Defendant Pitsilambous, Inc. produce the following documents and electronically-stored information and things for inspection and copying within 30 days at the offices of Andrew Kimble, Markovits, Stock & DeMarco, 3825 Edwards Road, Suite 650, Cincinnati, OH 45209. Defendants are also required to serve written responses to these requests within 30 days.

## **Definitions**

1.      **"All," "each**,**" and "every"** shall be construed as inclusive or exclusive, as necessary to afford the widest possible scope of inquiry to the discovery request containing such terms.

2.      **"And/or," "or," and "and"** are used inclusively, not exclusively.

3.      **"Communications"** means, without limitation, the transfer of any information of

any form, whether written, oral, electronic, or otherwise, from one person or entity to another—including but not limited to, any summaries, recordings, or memoranda of the communication.

4.     **"Compensation"** means all monies and benefits, including but not limited to: salaries; hourly wages; overtime wages, commissions; raises; and bonuses, or any other employment benefit plans, including, but not limited to, pension, severance, stock, retirement, and medical plans.

5.     **"Server"** is a generic title used to refer to Plaintiffs' position or former position with Defendant (with the exception of Plaintiff Tarry subsequent to in or about the summer of 2015). The term includes any job position with Defendant, regardless of title, that is substantially similar to that of Plaintiffs, including waiters and waitresses.

6.     The terms **"Defendant,"** **"you"** or **"your"** or **"Captain George's"** refer to Pitsilambous, Inc., and all of its agents, subsidiaries, divisions, and related entities (including all of their agents, subsidiaries, divisions, predecessors, successors, assignees, etc.) and all present and former employees, officers, directors, agents, attorneys, consultants, contractors, investigators, representatives, and any other person or entity acting for you or on your behalf, and other person acting or purporting to act on behalf of any and all of the above entities and persons.

7.     **"Document"** and **"documents"** include: All things encompassed by the definition of the word "document" in Federal Rule of Civil Procedure 34(a), and/or "writings and recordings" in Federal Rule of Evidence 1001(1)—including, without limitation:

> a.     All electronic information and other information, and all other communications, records, data, files, writings, handwritings, messages, and anything that is a mail, file, file cover, datum, memorandum, letter, envelope, correspondence, report, note, sticker, Post-It, message, telephone or voice recording, other recording, telephone log, diary, journal, minute(s), calendar, summary, draft, work paper, facsimile,

contract, invoice, chart, graph, index, directory, computer disk, computer tape, computer screen, computer printout, storage, affidavit, book, paper, publication, article, study, pamphlet, bulletin, photograph, drawing, picture, film, audio and/or video recording, survey, test result, list, or transcript, and any other written, printed, typed, taped, filmed, electronically-stored, or graphic, sound, or electronic matter, and any other item of information—however kept, stored, produced, or reproduced. (Electronic information further includes any electronic record, and all items stored in or on computer memories, hard disks, floppy disks, CD-ROM, zip-drives, other drives, electronic bulletin boards, including all levels of access, sub-boards, conferences, metadata, and all information contained therein, and any other vehicle for information storage and/or transmittal. Unless otherwise specified, all electronic information should be produced in its native format with metadata intact.)

b.  All files, file covers, folder tabs, containers, storage devices, and labels that at any time accompanied or were appended to, or associated in any way with the original and any copies of the document(s)—and any other file-related documents and information (including metadata).

c.  All other related electronic data and information—including the original (and all copies where an original is not available) and all non-identical copies.

d.  All originals, copies, and other versions—including all non-identical copies, drafts, rough drafts, etc.—whether or not the copies and versions are non-identical because of any handwritten notes, comments, attachments, annotations, marks, transmission notations, highlighting of any kind, or any other kinds of markings, notes, or changes.

8.  **"Identify" or "Identification"** means, when used in reference to:

a.  "Identify," "identified," or "identity" when used herein in reference to a natural person, means (a) his/her full name and present or last known address, email address, and phone number and (b) his/her present or last known business affiliation and position therewith. If any of the above information is not available to you, then any other available means of identifying such natural person.

b.  "Identify," "identified," or "identity" when used herein in reference to anyone or anything other than a natural person, means (a) its full name, (b) nature of its organization, including the name of the state under which same was organized, (c) its address(es), (d) the address of its principal place of business, and (e) its principal line of business. If any of the above

information is not available to you, then any other available means of identifying such entity or person.

9.   "**Relating to**" and/or "**relates to**" and/or "**related to**" mean, without limitation, constituting, mentioning, referring to, describing, summarizing, evidencing, listing, relevant to, demonstrating, tending to prove or disprove, or explaining.

10.   The "**litigation**" means the present lawsuit titled, Gagliastre, et al v. Capt. George's Seafood Restaurants, LP, 4:17-cv-1308 (RBH) (D.S.C).

11.   "**Relevant period**" refers to the period from May 19, 2014 through the present.

## Instructions

Unless otherwise indicated, the following instructions apply to, and are incorporated into, the definitions set forth above, all requests, and these instructions:

1.   All requests pertain to the entirety of the relevant period.

2.   With respect to each document produced, Plaintiffs request that Defendant specify the request(s) to which the document is responsive.

3.   Pursuant to Fed. R. Civ. P. 34, each document shall be produced as it is kept in the usual course of business and shall be organized and labeled with the categories in these requests.

4.   At or before the filing of the complaint in this case, Defendant was under a duty to preserve documents and ESI related to this matter.   Accordingly, Plaintiffs expect that Defendant and their counsel will prevent the destruction or alteration of any Documents requested herein by the operation of any electronic information system (routine or otherwise) and hereby puts Defendant on notice that any destruction or alteration of such documents, or any action that makes such documents more difficult or expensive to access and use, without completing a meet and confer process with Plaintiffs' counsel regarding such action, will not be

considered to be in "good faith," as contemplated in Fed. R. Civ. P. 37(f). If Defendants do not believe that it can reasonably comply with this instruction, Plaintiffs request that Defendant contact Plaintiffs, in writing, within 10 days from receipt of these Requests, to meet and confer about whether immediate Court intervention is necessary.

5.     With respect to each request, Defendant is requested to provide all documents in Defendants' possession, custody, or control that are known to Defendants or that Defendants can locate or discover through reasonably diligent efforts.

6.     If Defendant cannot respond or produce documents in response to any part of the following Requests in full, please respond to the extent possible, specifying the reason or reasons for Defendants' inability to respond or produce documents in response to the remainder of the requests.

7.     If, to Defendant's knowledge, documents responsive to one or more requests were never in Defendants' possession, custody, or control but are or have been in the possession, custody, or control of any other person, please identify all such persons.

8.     If any responsive document was formerly in Defendant's possession, custody, or control but has been eliminated from Defendant's possession in any way, including, but not limited to, having been lost, destroyed, transmitted, or discarded, please submit a written statement as follows:

      a.     The basis for withholding such document;

      b.     A generic description of the document being withheld;

      c.     The date the information contained in the document was learned or the document created;

      d.     The identity of the individual(s) who learned the information or authored the document;

e.   The date the document was transmitted or otherwise made available to anyone; and

f.   The specific Request(s) to which the withheld document relates.

9.   If requested documents are maintained in a file, folder, or other container, please produce the file, folder, or other container, or a complete copy of same, with the documents. For ESI that originates in a digital folder structure, please produce the folder names and relationships as metadata.

10.   The scope of your search for ESI shall include all forms of ESI collection, preservation, transmission, communication and storage, including:

a.   All ESI generated and maintained in the ordinary course of business, including ESI stored on mainframe computers or local and network computers or drives or servers or any other media or location where ESI can be or is stored;

b.   Distributed data or removable data, i.e., information which resides on portable media and non-local drives, including home computers, laptop computers, magnetic or floppy discs, CD-ROMs, DVDs, zip drives, Internet repositories including emailed host by Internet service providers, handheld storage devices such as BlackBerry devices, cellular telephones, and flash memory drives;

c.   Forensic copy or backup ESI, including archive and backup data tapes and discs;

d.   Network data, including voice mail systems, email servers, ISP servers, network servers, cloud servers and fax servers;

e.   Legacy ESI, i.e., retained data that has been created or stored by the use of software or hardware that has been rendered outmoded or obsolete; and

f.   Metadata, i.e., information regarding a particular data set which describes how, when and by whom it was collected, created, accessed and modified and how it is formatted.

13.   Unless otherwise indicated in writing, the failure to produce any documents in response to any request herein means that such documents do not exist, or are not in

Defendant's possession, custody, or control, or the possession, custody, or control of Defendant's agents or anybody acting on Defendant's behalf.

14.     To the extent documents responsive to these requests have already been produced by Defendant, state the unique identifier or Bates number for each responsive document that was previously produced.

15.     All requests contained herein shall be deemed continuing and supplemental answers shall be required if you directly or indirectly obtain further information after your initial response as provided in Rule 26(e).

## Documents to be Produced

1.     Produce computer readable list, spreadsheet, or database that identifies (including all contact information specified in the instructions) all Servers employed by Pitsilambous, Inc. during the relevant time period.

2.     Produce all documents related to any job posting, job description, or other description of Servers' duties and obligations at Pitsilambous, Inc..

3.     Produce all paystubs issued to Servers at Pitsilambous, Inc. during the relevant time period.

4.     Produce all documents, including but not limited to any computer readable list, spreadsheet, or database, related to payments made or compensation provided to Servers in connection with their employment at Pitsilambous, Inc., including but not limited to hourly wages, tips, and other payments.

5.     Produce all time sheets of Servers at Pitsilambous, Inc. during the relevant time period.

6.      Produce all documents, including but not limited to any computer readable list, spreadsheet, or database, related to hours worked by Servers during the relevant time period at Pitsilambous, Inc..

7.      Produce all documents related to Pitsilambous, Inc.'s payroll practices or policies in effect at any time during the relevant time period with respect to Servers.

8.      Produce all documents related to Pitsilambous, Inc.'s practices and policies in effect at any time during the relevant time period with respect to tip pooling.

9.      Produce all employee handbooks, manuals, procedure documents, managers' handbooks, restaurant operations documents, and any other documents relating to Pitsilambous, Inc.'s restaurant operations and employment policies.

10.     Produce all documents relating to "side work" (*i.e.*, work not involving direct interaction with diners at the restaurant) that is assigned to Servers at Pitsilambous, Inc..

11.     Produce all documents, including by not limited to any computer readable list, spreadsheet, or database, related to tips or gratuities received by Servers at Pitsilambous, Inc. during the relevant time period.

12.     Please produce all documents showing who received any percentage of money Plaintiffs received as tips and how much each person/entity received. For example, if a busser received a portion of that money, please produce documents demonstrating who that busser is, how much tip money he received, the manner in which the money was paid to him/her, from whom, and when.

13.     Produce all documents relating to tips pooled by, shared by, and/or paid out to Servers at Pitsilambous, Inc., including any documents relating to who received a portion of tips

received by Servers at Pitsilambous, Inc. during the relevant time period.

14.     Produce all documents relating to "autogratuities" or "autograt" pooled by, shared by, and/or paid out to Servers at Pitsilambous, Inc., including any documents relating to who received a portion of the "autograt" during the relevant time period.

15.     For each "dining room" at Pitsilambous, Inc., produce all documents or computer records generated relating to sales made, tips made, and autogratuities, throughout the relevant time period. As an example (not a limitation) of the documents sought by this request, please see all of the documents that comprise Exhibit N, attached to Plaintiffs' Motion for Conditional Certification (Doc. 5-15).

16.     Produce all documents or computer records generated relating to restaurant-wide sales made, tips made, and autogratuities, throughout the relevant time period. As an example (not a limitation) of the documents sought by this request, please see all of the documents that comprise Exhibit O, attached to Plaintiffs' Motion for Conditional Certification (Doc. 5-16).

17.     Produce all documents relating to the autogratuity policy at Pitsilambous, Inc..

18.     Produce all documents relating to any policies or practices at Pitsilambous, Inc. in connection with overtime work.

19.     Produce all documents relating to communications with customers of Pitsilambous, Inc., including but not limited to any explanations or descriptions of the policy appearing on any menu, receipt, through any online communications, and/or through any signage at the Pitsilambous, Inc. restaurant location.

20.     Produce all documents relating to any notice or notices provided by to Servers

at Pitsilambous, Inc. regarding Defendant's policy of taking a tip credit from Servers' wages.

21.     Produce all documents relating to the uniform or dress code policy in place at Pitsilambous, Inc. during the relevant time period.

22.     Produce all menus used by Pitsilambous, Inc. throughout the relevant time period.

23.     Produce all documents relating to the work schedules of Servers at Pitsilambous, Inc. throughout the relevant time period.

24.     Produce all documents relating to the hours of operation of Pitsilambous, Inc. throughout the relevant time period.

25.     Produce all posters or other documents provided to Servers at Pitsilambous, Inc. relating to their rights as employees.

26.     Produce all documents relating to complaints by employees regarding unpaid or underpaid wages, tips, tip sharing, or any other complaints relating to compensation, whether formal or informal.

27.     Produce all documents provided to or made available to employees at Pitsilambous, Inc. relating to the process for making a complaint to the company about any aspect of their employment during the relevant time period.

28.     Produce all job application forms used by Pitsilambous, Inc. during the relevant time period.

29.     Produce all documents relating to any "quiz" or "test" that employees were required to complete upon hire to Pitsilambous, Inc..

30.     Produce all documents relating to any lawsuits or investigations by the U.S.

Department of Labor or any state department or agency relating to a complaint, claim, or demand by any employee, person, or agency regarding minimum wage, overtime, or tip violations at Pitsilambous, Inc..

31.     Produce all documents, audio recordings, video recordings, witness statements, and/or affidavits that relate to the allegations in the Complaint or any defenses raised by you.

32.     Produce all insurance agreements and policies under which any insurance company or other entity may be liable to satisfy all or part of a judgment which may be entered in this action, to indemnify or reimburse for payments made to satisfy the judgment, or to satisfy all costs and expense in defense of litigation.

33.     Produce all documents relating to any reports, audits, calculations, research, or strategies considered by, or prepared by, Pitsilambous, Inc. in connection with the compensation policies and practices relating to Servers at Pitsilambous, Inc..

34.     Produce all documents relating to your preservation and retention of documents potentially discoverable in this litigation.

35.     Produce all documents relating to the ownership and/or ownership structure of Pitsilambous, Inc..

36.     Produce all documents relating to any trademarks used by Pitsilambous, Inc., including but not limited to documents relating to who owns the trademark, how Pitsilambous, Inc. has permission to use the trademarks, and any other entities or individuals who are also permitted to use the trademarks.

37.     Produce all documents you received, reviewed, examined, used, and/or upon

which you relied in preparing your response to these discovery requests and any interrogatories.

Date: June 19, 2017

Respectfully submitted,

/s/ Patrick McLaughlin

Patrick McLaughlin
Wukela Law Firm
403 Second Loop Rd.
PO Box 13057
Florence, SC 29504-3057
843-669-5634 (Phone)
843-669-5150 (Fax)
(Patrick@wukelalaw.com)

Andrew Biller (*pro hace vice filing forthcoming*)
Andrew Kimble (*pro hace vice filing forthcoming*)
Markovits, Stock & DeMarco, LLC
3825 Edwards Road, Suite 650
Cincinnati, OH 45209
513-651-3700 (Phone)
513-665-0219 (Fax)
(abiller@msdlegal.com)
(akimble@msdlegal.com)
www.msdlegal.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on June 19, 2017, the foregoing Requests for Production were served on counsel for Defendants by electronic mail and U.S. mail to the following address:

Alan Albert, Esq.
LeCLair Ryan
999 Waterside Drive, Suite 2100
Norfolk, VA 23510
Alan.albert@leclairryan.com

James Anelli, Esq. (via email only)
James.anelli@leclairryan.com

Neal Brodsky, Esq. (via email only)
Neal.brodsky@leclairryan.com

John Hutchins, Esq. (via email only)
John.hutchins@leclairryan.com

                                  /s/ Patrick McLaughlin
                                    Patrick McLaughlin

In the United States District Court
for the District of South Carolina
Florence Division

| | |
|---|---|
| Chris Gagliastre, *et al.*, | |
| *On behalf of themselves and those similarly situated*, | Civil Action No. 4:17-cv-1308 (RBH) |
| Plaintiffs, | |
| v. | |
| Capt. George's Seafood Restaurants, LP, *et al.*, | |
| Defendants. | |

First Requests for Production to Defendant Pitsilambous, Inc.

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs hereby request that Defendant Pitsilambous, Inc. provide verified responses to the following interrogatories within 30 days at the offices of Andrew Kimble, Markovits, Stock & DeMarco, 3825 Edwards Road, Suite 650, Cincinnati, OH 45209.

### Definitions

1.    "**All**," "**each**," **and** "**every**" shall be construed as inclusive or exclusive, as necessary to afford the widest possible scope of inquiry to the discovery request containing such terms.

2.    "**And/or**," "**or**," **and** "**and**" are used inclusively, not exclusively.

3.    "**Communications**" means, without limitation, the transfer of any information of any form, whether written, oral, electronic, or otherwise, from one person or entity to another—

including but not limited to, any summaries, recordings, or memoranda of the communication.

4.     "**Compensation**" means all monies and benefits, including but not limited to: salaries; hourly wages; overtime wages, commissions; raises; and bonuses, or any other employment benefit plans, including, but not limited to, pension, severance, stock, retirement, and medical plans.

5.     "**Server**" is a generic title used to refer to Plaintiffs' position or former position with Defendant (with the exception of Plaintiff Tarry subsequent to in or about the summer of 2015). The term includes any job position with Defendant, regardless of title, that is substantially similar to that of Plaintiffs, including waiters and waitresses.

6.     The terms "**you**" or "**your**" or "**Captain George's**" refer to Pitsilambous, Inc., and all of its agents, subsidiaries, divisions, and related entities (including all of their agents, subsidiaries, divisions, predecessors, successors, assignees, etc.) and all present and former employees, officers, directors, agents, attorneys, consultants, contractors, investigators, representatives, and any other person or entity acting for you or on your behalf, and other person acting or purporting to act on behalf of any and all of the above entities and persons.

7.     "**Document**" and "**documents**" include: All things encompassed by the definition of the word "document" in Federal Rule of Civil Procedure 34(a), and/or "writings and recordings" in Federal Rule of Evidence 1001(1)—including, without limitation:

      a.     All electronic information and other information, and all other communications, records, data, files, writings, handwritings, messages, and anything that is a mail, file, file cover, datum, memorandum, letter, envelope, correspondence, report, note, sticker, Post-It, message, telephone or voice recording, other recording, telephone log, diary, journal, minute(s), calendar, summary, draft, work paper, facsimile, contract, invoice, chart, graph, index, directory, computer disk, computer tape, computer screen, computer printout, storage, affidavit, book, paper,

publication, article, study, pamphlet, bulletin, photograph, drawing, picture, film, audio and/or video recording, survey, test result, list, or transcript, and any other written, printed, typed, taped, filmed, electronically-stored, or graphic, sound, or electronic matter, and any other item of information—however kept, stored, produced, or reproduced. (Electronic information further includes any electronic record, and all items stored in or on computer memories, hard disks, floppy disks, CD-ROM, zip-drives, other drives, electronic bulletin boards, including all levels of access, sub-boards, conferences, metadata, and all information contained therein, and any other vehicle for information storage and/or transmittal. Unless otherwise specified, all electronic information should be produced in its native format with metadata intact.)

b.  All files, file covers, folder tabs, containers, storage devices, and labels that at any time accompanied or were appended to, or associated in any way with the original and any copies of the document(s)—and any other file-related documents and information (including metadata).

c.  All other related electronic data and information—including the original (and all copies where an original is not available) and all non-identical copies.

d.  All originals, copies, and other versions—including all non-identical copies, drafts, rough drafts, etc.—whether or not the copies and versions are non-identical because of any handwritten notes, comments, attachments, annotations, marks, transmission notations, highlighting of any kind, or any other kinds of markings, notes, or changes.

8.  "**Identify**" or "**Identification**" means, when used in reference to:

a.  "Identify," "identified," or "identity" when used herein in reference to a natural person, means (a) his/her full name and present or last known address, email address, and phone number and (b) his/her present or last known business affiliation and position therewith. If any of the above information is not available to you, then any other available means of identifying such natural person.

b.  "Identify," "identified," or "identity" when used herein in reference to anyone or anything other than a natural person, means (a) its full name, (b) nature of its organization, including the name of the state under which same was organized, (c) its address(es), (d) the address of its principal place of business, and (e) its principal line of business. If any of the above information is not available to you, then any other available means of identifying such entity or person.

9. "**Relating to**" and/or "**relates to**" and/or "**related to**" mean, without limitation, constituting, mentioning, referring to, describing, summarizing, evidencing, listing, relevant to, demonstrating, tending to prove or disprove, or explaining.

10. The "**litigation**" means the present lawsuit titled, Gagliastre, et al v. Capt. George's Seafood Restaurants, LP, 4:17-cv-1308 (RBH) (D.S.C).

11. "**Relevant period**" refers to the period from May 19, 2014 through the present.

### Instructions

The following instructions shall apply to these interrogatories:

1. Under Rule 33 of the Federal Rules of Civil Procedure, each interrogatory must be answered separately, completely and fully under oath. If any interrogatory is objected to, the reason for such objection must be stated in lieu of an Answer.

2. These interrogatories are deemed to be continuing and Defendants shall be obligated to change, supplement and amend their answers as prescribed by Rule 26 of the Federal Rules of Civil Procedure.

3. Unless otherwise stated, each interrogatory covers the entire relevant time period. The response to each request shall include all documents relating to the period whether prepared before, during or after the period. Each interrogatory, whether expressed in the present tense or otherwise, refers to the entire period. If any change took place during the period with respect to any of the information requested, the date and nature of such change should be set forth.

4. For any interrogatory or part of an interrogatory which you refuse to answer under a claim or privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the nature of the information withheld; specify the grounds of

the claimed privilege and the paragraph of these interrogatories to which the information is responsive; and identify each person to whom the information, or any part of the information, has been disclosed.

## Interrogatories

**INTERROGATORY NO. 1.** Please identify all employees in the following positions that worked at any time during the relevant time period for Defendant: (1) Servers; (2) Bussers; (3) Food Runners; (4) Managers; and (5) Any other person or entity who shared in or benefited from tips received.  To the extent that any employee's position or restaurant location changed at some point during the relevant time period, please identify the change and the dates of that employee's positions/locations. For each person identified in response to this Interrogatory, please include that person's rate(s) of pay and/or pay structure. Please also identify whether the person either (a) earned tips themselves or (b) participated in a tip pool or otherwise shared in tips received by Servers.

**Answer:**


**INTERROGATORY NO. 2.** Describe in detail any written or unwritten policies, procedures, practices, or guidelines that apply to how Servers are paid, and how Servers' tips are handled, divided, and/or distributed.  To the extent any amount of a Server's tips was not retained by the Server, identify who received or shared in that money, how that determination was made, and in what form that money was distributed to other persons and/or entities in the tip pool.

**Answer:**

**INTERROGATORY NO. 3.** Describe how Servers' work time is recorded and tracked. Further, state whether the time keeping system is contemporaneous in nature (like a time clock). If the time keeping system is not contemporaneous (like signing off on time sheets), explain in detail how accuracy of those time sheets are maintained and when Servers sign off on their hours (e.g., at the end of each day, each week, each month).

**Answer:**


**INTERROGATORY NO. 4.** Identify any person or entity that was paid a percentage of tips that Servers received during their employment with Defendant. Describe in detail what percentage of Servers' tips that person/entity was paid.

**Answer:**


**INTERROGATORY NO. 5.** If the Company or any other entity owned in whole or in part by Defendant has been sued or investigated by the U.S. Department of Labor, or has received a claim by or demand from any employee or other agency regarding minimum wage or overtime compensation, state the name of the claimant for the suit, claim, and/or investigation, and describe in detail the factual basis of the suit, claim and/or investigation.

**Answer:**


**INTERROGATORY NO. 6.** Identify all persons who are or have been involved in creating, maintaining, and/or executing Defendant's compensation policies and practices during the relevant time period, including but not limited to Defendant's policies and practices with respect to Servers' hourly pay rates and tip pooling.

**Answer**:


**INTERROGATORY No. 7.** Identify all persons and/or entities who possess an ownership interest in Pitsilambous, Inc., and the extent of that interest. To the extent any entity possesses an ownership interest in Pitsilambous, Inc., please also identify who possesses an ownership interest in that entity.

**Answer**:


**INTERROGATORY No. 8.** Identify the individual or individuals who process payroll checks for Defendant and state the individual or individuals' physical work location.

**Answer**:


**INTERROGATORY No. 9.** Describe the management structure and chain of command at Pitsilambous, Inc., identifying each person within that chain of command and going up to and including the ultimate decision maker. To the extent that the ultimate decision maker is different for different matters, please so identify and describe.

**Answer:**



Date: June 19, 2017                           Respectfully submitted,

                                              /s/ Patrick McLaughlin

                                              Patrick McLaughlin
                                              Wukela Law Firm
                                              403 Second Loop Rd.
                                              PO Box 13057
                                              Florence, SC 29504-3057
                                              843-669-5634 (Phone)

843-669-5150 (Fax)
(Patrick@wukelalaw.com)

Andrew Biller (*pro hace vice filing forthcoming*)
Andrew Kimble (*pro hace vice filing forthcoming*)
Markovits, Stock & DeMarco, LLC
3825 Edwards Road, Suite 650
Cincinnati, OH 45209
513-651-3700 (Phone)
513-665-0219 (Fax)
(abiller@msdlegal.com)
(akimble@msdlegal.com)
www.msdlegal.com

*Counsel for Plaintiffs*

**VERIFICATION**

I hereby swear or affirm under penalty of perjury that the answers to the foregoing interrogatories are true and correct.

_____
Print Name

_____
Role at Pitsilambous, Inc.

_____
Signature

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on June 19, 2017, the foregoing Requests for Production were served on counsel for Defendant by electronic mail and U.S. mail to the following address:

Alan Albert, Esq.
LeCLair Ryan
999 Waterside Drive, Suite 2100
Norfolk, VA 23510
Alan.albert@leclairryan.com

James Anelli, Esq. (via email only)
James.anelli@leclairryan.com

Neal Brodsky, Esq. (via email only)
Neal.brodsky@leclairryan.com

John Hutchins, Esq. (via email only)
John.hutchins@leclairryan.com


                                           /s/ Patrick McLaughlin
                                             Patrick McLaughlin

In the United States District Court
for the District of South Carolina
Florence Division

| | |
|---|---|
| Chris Gagliastre, *et al.*, | |
| *On behalf of themselves and those similarly situated*, | Civil Action No. 4:17-cv-1308 (RBH) |
| Plaintiffs, | |
| v. | |
| Capt. George's Seafood Restaurants, LP, *et al.*, | |
| Defendants. | |

First Requests for Production to Defendant Lideslambous, Inc.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs hereby request that Defendant Lideslambous, Inc. produce the following documents and electronically-stored information and things for inspection and copying within 30 days at the offices of Andrew Kimble, Markovits, Stock & DeMarco, 3825 Edwards Road, Suite 650, Cincinnati, OH 45209. Defendants are also required to serve written responses to these requests within 30 days.

## **Definitions**

1.      "**All**," "**each**," and "**every**" shall be construed as inclusive or exclusive, as necessary to afford the widest possible scope of inquiry to the discovery request containing such terms.

2.      **"And/or," "or," and "and"** are used inclusively, not exclusively.

3.      "**Communications**" means, without limitation, the transfer of any information of

1

any form, whether written, oral, electronic, or otherwise, from one person or entity to another—including but not limited to, any summaries, recordings, or memoranda of the communication.

4.    **"Compensation"** means all monies and benefits, including but not limited to: salaries; hourly wages; overtime wages, commissions; raises; and bonuses, or any other employment benefit plans, including, but not limited to, pension, severance, stock, retirement, and medical plans.

5.    **"Server"** is a generic title used to refer to Plaintiffs' position or former position with Defendant (with the exception of Plaintiff Tarry subsequent to in or about the summer of 2015). The term includes any job position with Defendant, regardless of title, that is substantially similar to that of Plaintiffs, including waiters and waitresses.

6.    The terms **"Defendant,"** **"you"** or **"your"** or **"Captain George's"** refer to Lideslambous, Inc., and all of its agents, subsidiaries, divisions, and related entities (including all of their agents, subsidiaries, divisions, predecessors, successors, assignees, etc.) and all present and former employees, officers, directors, agents, attorneys, consultants, contractors, investigators, representatives, and any other person or entity acting for you or on your behalf, and other person acting or purporting to act on behalf of any and all of the above entities and persons.

7.    **"Document"** and **"documents"** include: All things encompassed by the definition of the word "document" in Federal Rule of Civil Procedure 34(a), and/or "writings and recordings" in Federal Rule of Evidence 1001(1)—including, without limitation:

      a.    All electronic information and other information, and all other communications, records, data, files, writings, handwritings, messages, and anything that is a mail, file, file cover, datum, memorandum, letter, envelope, correspondence, report, note, sticker, Post-It, message, telephone or voice recording, other recording, telephone log, diary, journal, minute(s), calendar, summary, draft, work paper, facsimile,

contract, invoice, chart, graph, index, directory, computer disk, computer tape, computer screen, computer printout, storage, affidavit, book, paper, publication, article, study, pamphlet, bulletin, photograph, drawing, picture, film, audio and/or video recording, survey, test result, list, or transcript, and any other written, printed, typed, taped, filmed, electronically-stored, or graphic, sound, or electronic matter, and any other item of information—however kept, stored, produced, or reproduced. (Electronic information further includes any electronic record, and all items stored in or on computer memories, hard disks, floppy disks, CD-ROM, zip-drives, other drives, electronic bulletin boards, including all levels of access, sub-boards, conferences, metadata, and all information contained therein, and any other vehicle for information storage and/or transmittal. Unless otherwise specified, all electronic information should be produced in its native format with metadata intact.)

b.  All files, file covers, folder tabs, containers, storage devices, and labels that at any time accompanied or were appended to, or associated in any way with the original and any copies of the document(s)—and any other file-related documents and information (including metadata).

c.  All other related electronic data and information—including the original (and all copies where an original is not available) and all non-identical copies.

d.  All originals, copies, and other versions—including all non-identical copies, drafts, rough drafts, etc.—whether or not the copies and versions are non-identical because of any handwritten notes, comments, attachments, annotations, marks, transmission notations, highlighting of any kind, or any other kinds of markings, notes, or changes.

8.  **"Identify" or "Identification"** means, when used in reference to:

a.  "Identify," "identified," or "identity" when used herein in reference to a natural person, means (a) his/her full name and present or last known address, email address, and phone number and (b) his/her present or last known business affiliation and position therewith. If any of the above information is not available to you, then any other available means of identifying such natural person.

b.  "Identify," "identified," or "identity" when used herein in reference to anyone or anything other than a natural person, means (a) its full name, (b) nature of its organization, including the name of the state under which same was organized, (c) its address(es), (d) the address of its principal place of business, and (e) its principal line of business. If any of the above

information is not available to you, then any other available means of identifying such entity or person.

9. "**Relating to**" and/or "**relates to**" and/or "**related to**" mean, without limitation, constituting, mentioning, referring to, describing, summarizing, evidencing, listing, relevant to, demonstrating, tending to prove or disprove, or explaining.

10. The "**litigation**" means the present lawsuit titled, Gagliastre, et al v. Capt. George's Seafood Restaurants, LP, 4:17-cv-1308 (RBH) (D.S.C).

11. "**Relevant period**" refers to the period from May 19, 2014 through the present.

**Instructions**

Unless otherwise indicated, the following instructions apply to, and are incorporated into, the definitions set forth above, all requests, and these instructions:

1. All requests pertain to the entirety of the relevant period.

2. With respect to each document produced, Plaintiffs request that Defendant specify the request(s) to which the document is responsive.

3. Pursuant to Fed. R. Civ. P. 34, each document shall be produced as it is kept in the usual course of business and shall be organized and labeled with the categories in these requests.

4. At or before the filing of the complaint in this case, Defendant was under a duty to preserve documents and ESI related to this matter. Accordingly, Plaintiffs expect that Defendant and their counsel will prevent the destruction or alteration of any Documents requested herein by the operation of any electronic information system (routine or otherwise) and hereby puts Defendant on notice that any destruction or alteration of such documents, or any action that makes such documents more difficult or expensive to access and use, without completing a meet and confer process with Plaintiffs' counsel regarding such action, will not be

considered to be in "good faith," as contemplated in Fed. R. Civ. P. 37(f). If Defendants do not believe that it can reasonably comply with this instruction, Plaintiffs request that Defendant contact Plaintiffs, in writing, within 10 days from receipt of these Requests, to meet and confer about whether immediate Court intervention is necessary.

5.    With respect to each request, Defendant is requested to provide all documents in Defendants' possession, custody, or control that are known to Defendants or that Defendants can locate or discover through reasonably diligent efforts.

6.    If Defendant cannot respond or produce documents in response to any part of the following Requests in full, please respond to the extent possible, specifying the reason or reasons for Defendants' inability to respond or produce documents in response to the remainder of the requests.

7.    If, to Defendant's knowledge, documents responsive to one or more requests were never in Defendants' possession, custody, or control but are or have been in the possession, custody, or control of any other person, please identify all such persons.

8.    If any responsive document was formerly in Defendant's possession, custody, or control but has been eliminated from Defendant's possession in any way, including, but not limited to, having been lost, destroyed, transmitted, or discarded, please submit a written statement as follows:

   a.    The basis for withholding such document;

   b.    A generic description of the document being withheld;

   c.    The date the information contained in the document was learned or the document created;

   d.    The identity of the individual(s) who learned the information or authored the document;

e.    The date the document was transmitted or otherwise made available to anyone; and

f.    The specific Request(s) to which the withheld document relates.

9.    If requested documents are maintained in a file, folder, or other container, please produce the file, folder, or other container, or a complete copy of same, with the documents. For ESI that originates in a digital folder structure, please produce the folder names and relationships as metadata.

10.    The scope of your search for ESI shall include all forms of ESI collection, preservation, transmission, communication and storage, including:

a.    All ESI generated and maintained in the ordinary course of business, including ESI stored on mainframe computers or local and network computers or drives or servers or any other media or location where ESI can be or is stored;

b.    Distributed data or removable data, i.e., information which resides on portable media and non-local drives, including home computers, laptop computers, magnetic or floppy discs, CD-ROMs, DVDs, zip drives, Internet repositories including emailed host by Internet service providers, handheld storage devices such as BlackBerry devices, cellular telephones, and flash memory drives;

c.    Forensic copy or backup ESI, including archive and backup data tapes and discs;

d.    Network data, including voice mail systems, email servers, ISP servers, network servers, cloud servers and fax servers;

e.    Legacy ESI, i.e., retained data that has been created or stored by the use of software or hardware that has been rendered outmoded or obsolete; and

f.    Metadata, i.e., information regarding a particular data set which describes how, when and by whom it was collected, created, accessed and modified and how it is formatted.

13.    Unless otherwise indicated in writing, the failure to produce any documents in response to any request herein means that such documents do not exist, or are not in

Defendant's possession, custody, or control, or the possession, custody, or control of Defendant's agents or anybody acting on Defendant's behalf.

14.     To the extent documents responsive to these requests have already been produced by Defendant, state the unique identifier or Bates number for each responsive document that was previously produced.

15.     All requests contained herein shall be deemed continuing and supplemental answers shall be required if you directly or indirectly obtain further information after your initial response as provided in Rule 26(e).

### Documents to be Produced

1.      Produce computer readable list, spreadsheet, or database that identifies (including all contact information specified in the instructions) all Servers employed by Lideslambous, Inc. during the relevant time period.

2.      Produce all documents related to any job posting, job description, or other description of Servers' duties and obligations at Lideslambous, Inc.

3.      Produce all paystubs issued to Servers at Lideslambous, Inc. during the relevant time period.

4.      Produce all documents, including but not limited to any computer readable list, spreadsheet, or database, related to payments made or compensation provided to Servers in connection with their employment at Lideslambous, Inc., including but not limited to hourly wages, tips, and other payments.

5.      Produce all time sheets of Servers at Lideslambous, Inc. during the relevant time period.

6.       Produce all documents, including but not limited to any computer readable list, spreadsheet, or database, related to hours worked by Servers during the relevant time period at Lideslambous, Inc.

7.       Produce all documents related to Lideslambous, Inc.'s payroll practices or policies in effect at any time during the relevant time period with respect to Servers.

8.       Produce all documents related to Lideslambous, Inc.'s practices and policies in effect at any time during the relevant time period with respect to tip pooling.

9.       Produce all employee handbooks, manuals, procedure documents, managers' handbooks, restaurant operations documents, and any other documents relating to Lideslambous, Inc.'s restaurant operations and employment policies.

10.       Produce all documents relating to "side work" (*i.e.*, work not involving direct interaction with diners at the restaurant) that is assigned to Servers at Lideslambous, Inc.

11.       Produce all documents, including by not limited to any computer readable list, spreadsheet, or database, related to tips or gratuities received by Servers at Lideslambous, Inc. during the relevant time period.

12.       Please produce all documents showing who received any percentage of money Plaintiffs received as tips and how much each person/entity received. For example, if a busser received a portion of that money, please produce documents demonstrating who that busser is, how much tip money he received, the manner in which the money was paid to him/her, from whom, and when.

13.       Produce all documents relating to tips pooled by, shared by, and/or paid out to Servers at Lideslambous, Inc., including any documents relating to who received a portion of tips

received by Servers at Lideslambous, Inc. during the relevant time period.

14.　　Produce all documents relating to "autogratuities" or "autograt" pooled by, shared by, and/or paid out to Servers at Lideslambous, Inc., including any documents relating to who received a portion of the "autograt" during the relevant time period.

15.　　For each "dining room" at Lideslambous, Inc., produce all documents or computer records generated relating to sales made, tips made, and autogratuities, throughout the relevant time period. As an example (not a limitation) of the documents sought by this request, please see all of the documents that comprise Exhibit N, attached to Plaintiffs' Motion for Conditional Certification (Doc. 5-15).

16.　　Produce all documents or computer records generated relating to restaurant-wide sales made, tips made, and autogratuities, throughout the relevant time period. As an example (not a limitation) of the documents sought by this request, please see all of the documents that comprise Exhibit O, attached to Plaintiffs' Motion for Conditional Certification (Doc. 5-16).

17.　　Produce all documents relating to the autogratuity policy at Lideslambous, Inc.

18.　　Produce all documents relating to any policies or practices at Lideslambous, Inc. in connection with overtime work.

19.　　Produce all documents relating to communications with customers of Lideslambous, Inc., including but not limited to any explanations or descriptions of the policy appearing on any menu, receipt, through any online communications, and/or through any signage at the Lideslambous, Inc. restaurant location.

20.　　Produce all documents relating to any notice or notices provided by to Servers

at Lideslambous, Inc. regarding Defendant's policy of taking a tip credit from Servers' wages.

21.     Produce all documents relating to the uniform or dress code policy in place at Lideslambous, Inc. during the relevant time period.

22.     Produce all menus used by Lideslambous, Inc. throughout the relevant time period.

23.     Produce all documents relating to the work schedules of Servers at Lideslambous, Inc. throughout the relevant time period.

24.     Produce all documents relating to the hours of operation of Lideslambous, Inc. throughout the relevant time period.

25.     Produce all posters or other documents provided to Servers at Lideslambous, Inc. relating to their rights as employees.

26.     Produce all documents relating to complaints by employees regarding unpaid or underpaid wages, tips, tip sharing, or any other complaints relating to compensation, whether formal or informal.

27.     Produce all documents provided to or made available to employees at Lideslambous, Inc. relating to the process for making a complaint to the company about any aspect of their employment during the relevant time period.

28.     Produce all job application forms used by Lideslambous, Inc. during the relevant time period.

29.     Produce all documents relating to any "quiz" or "test" that employees were required to complete upon hire to Lideslambous, Inc.

30.     Produce all documents relating to any lawsuits or investigations by the U.S.

Department of Labor or any state department or agency relating to a complaint, claim, or demand by any employee, person, or agency regarding minimum wage, overtime, or tip violations at Lideslambous, Inc.

31.     Produce all documents, audio recordings, video recordings, witness statements, and/or affidavits that relate to the allegations in the Complaint or any defenses raised by you.

32.     Produce all insurance agreements and policies under which any insurance company or other entity may be liable to satisfy all or part of a judgment which may be entered in this action, to indemnify or reimburse for payments made to satisfy the judgment, or to satisfy all costs and expense in defense of litigation.

33.     Produce all documents relating to any reports, audits, calculations, research, or strategies considered by, or prepared by, Lideslambous, Inc. in connection with the compensation policies and practices relating to Servers at Lideslambous, Inc.

34.     Produce all documents relating to your preservation and retention of documents potentially discoverable in this litigation.

35.     Produce all documents relating to the ownership and/or ownership structure of Lideslambous, Inc.

36.     Produce all documents relating to any trademarks used by Lideslambous, Inc., including but not limited to documents relating to who owns the trademark, how Lideslambous, Inc. has permission to use the trademarks, and any other entities or individuals who are also permitted to use the trademarks.

37.     Produce all documents you received, reviewed, examined, used, and/or upon

which you relied in preparing your response to these discovery requests and any interrogatories.

Date: June 19, 2017                                    Respectfully submitted,

                                                       /s/ Patrick McLaughlin

                                                       Patrick McLaughlin
                                                       Wukela Law Firm
                                                       403 Second Loop Rd.
                                                       PO Box 13057
                                                       Florence, SC 29504-3057
                                                       843-669-5634 (Phone)
                                                       843-669-5150 (Fax)
                                                       (Patrick@wukelalaw.com)

                                                       Andrew Biller (*pro hace vice filing forthcoming*)
                                                       Andrew Kimble (*pro hace vice filing forthcoming*)
                                                       Markovits, Stock & DeMarco, LLC
                                                       3825 Edwards Road, Suite 650
                                                       Cincinnati, OH 45209
                                                       513-651-3700 (Phone)
                                                       513-665-0219 (Fax)
                                                       (abiller@msdlegal.com)
                                                       (akimble@msdlegal.com)
                                                       www.msdlegal.com

                                                       *Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on June 19, 2017, the foregoing Requests for Production were served on counsel for Defendants by electronic mail and U.S. mail to the following address:

Alan Albert, Esq.
LeCLair Ryan
999 Waterside Drive, Suite 2100
Norfolk, VA 23510
Alan.albert@leclairryan.com

James Anelli, Esq. (via email only)
James.anelli@leclairryan.com

Neal Brodsky, Esq. (via email only)
Neal.brodsky@leclairryan.com

John Hutchins, Esq. (via email only)
John.hutchins@leclairryan.com

      /s/ Patrick McLaughlin
      Patrick McLaughlin

In the United States District Court
for the District of South Carolina
Florence Division

| | |
|---|---|
| Chris Gagliastre, *et al.*,<br><br>*On behalf of themselves and those similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>Capt. George's Seafood Restaurants, LP, *et al.*,<br><br>Defendants. | Civil Action No. 4:17-cv-1308 (RBH) |

---

First Requests for Production to Defendant Lideslambous, Inc.

---

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs hereby request that Defendant Lideslambous, Inc. provide verified responses to the following interrogatories within 30 days at the offices of Andrew Kimble, Markovits, Stock & DeMarco, 3825 Edwards Road, Suite 650, Cincinnati, OH 45209.

### Definitions

1.  **"All," "each," and "every"** shall be construed as inclusive or exclusive, as necessary to afford the widest possible scope of inquiry to the discovery request containing such terms.

2.  **"And/or," "or," and "and"** are used inclusively, not exclusively.

3.  **"Communications"** means, without limitation, the transfer of any information of any form, whether written, oral, electronic, or otherwise, from one person or entity to another—

including but not limited to, any summaries, recordings, or memoranda of the communication.

4.    "**Compensation**" means all monies and benefits, including but not limited to: salaries; hourly wages; overtime wages, commissions; raises; and bonuses, or any other employment benefit plans, including, but not limited to, pension, severance, stock, retirement, and medical plans.

5.    "**Server**" is a generic title used to refer to Plaintiffs' position or former position with Defendant (with the exception of Plaintiff Tarry subsequent to in or about the summer of 2015). The term includes any job position with Defendant, regardless of title, that is substantially similar to that of Plaintiffs, including waiters and waitresses.

6.    The terms "**you**" or "**your**" or "**Captain George's**" refer to Lideslambous, Inc., and all of its agents, subsidiaries, divisions, and related entities (including all of their agents, subsidiaries, divisions, predecessors, successors, assignees, etc.) and all present and former employees, officers, directors, agents, attorneys, consultants, contractors, investigators, representatives, and any other person or entity acting for you or on your behalf, and other person acting or purporting to act on behalf of any and all of the above entities and persons.

7.    "**Document**" and "**documents**" include: All things encompassed by the definition of the word "document" in Federal Rule of Civil Procedure 34(a), and/or "writings and recordings" in Federal Rule of Evidence 1001(1)—including, without limitation:

    a.    All electronic information and other information, and all other communications, records, data, files, writings, handwritings, messages, and anything that is a mail, file, file cover, datum, memorandum, letter, envelope, correspondence, report, note, sticker, Post-It, message, telephone or voice recording, other recording, telephone log, diary, journal, minute(s), calendar, summary, draft, work paper, facsimile, contract, invoice, chart, graph, index, directory, computer disk, computer tape, computer screen, computer printout, storage, affidavit, book, paper,

publication, article, study, pamphlet, bulletin, photograph, drawing, picture, film, audio and/or video recording, survey, test result, list, or transcript, and any other written, printed, typed, taped, filmed, electronically-stored, or graphic, sound, or electronic matter, and any other item of information—however kept, stored, produced, or reproduced. (Electronic information further includes any electronic record, and all items stored in or on computer memories, hard disks, floppy disks, CD-ROM, zip-drives, other drives, electronic bulletin boards, including all levels of access, sub-boards, conferences, metadata, and all information contained therein, and any other vehicle for information storage and/or transmittal. Unless otherwise specified, all electronic information should be produced in its native format with metadata intact.)

b. All files, file covers, folder tabs, containers, storage devices, and labels that at any time accompanied or were appended to, or associated in any way with the original and any copies of the document(s)—and any other file-related documents and information (including metadata).

c. All other related electronic data and information—including the original (and all copies where an original is not available) and all non-identical copies.

d. All originals, copies, and other versions—including all non-identical copies, drafts, rough drafts, etc.—whether or not the copies and versions are non-identical because of any handwritten notes, comments, attachments, annotations, marks, transmission notations, highlighting of any kind, or any other kinds of markings, notes, or changes.

8. "**Identify**" or "**Identification**" means, when used in reference to:

a. "Identify," "identified," or "identity" when used herein in reference to a natural person, means (a) his/her full name and present or last known address, email address, and phone number and (b) his/her present or last known business affiliation and position therewith. If any of the above information is not available to you, then any other available means of identifying such natural person.

b. "Identify," "identified," or "identity" when used herein in reference to anyone or anything other than a natural person, means (a) its full name, (b) nature of its organization, including the name of the state under which same was organized, (c) its address(es), (d) the address of its principal place of business, and (e) its principal line of business. If any of the above information is not available to you, then any other available means of identifying such entity or person.

9.     "**Relating to**" and/or "**relates to**" and/or "**related to**" mean, without limitation, constituting, mentioning, referring to, describing, summarizing, evidencing, listing, relevant to, demonstrating, tending to prove or disprove, or explaining.

10.     The "**litigation**" means the present lawsuit titled, Gagliastre, et al v. Capt. George's Seafood Restaurants, LP, 4:17-cv-1308 (RBH) (D.S.C).

11.     "**Relevant period**" refers to the period from May 19, 2014 through the present.

### Instructions

The following instructions shall apply to these interrogatories:

1.     Under Rule 33 of the Federal Rules of Civil Procedure, each interrogatory must be answered separately, completely and fully under oath.  If any interrogatory is objected to, the reason for such objection must be stated in lieu of an Answer.

2.     These interrogatories are deemed to be continuing and Defendants shall be obligated to change, supplement and amend their answers as prescribed by Rule 26 of the Federal Rules of Civil Procedure.

3.     Unless otherwise stated, each interrogatory covers the entire relevant time period.  The response to each request shall include all documents relating to the period whether prepared before, during or after the period.  Each interrogatory, whether expressed in the present tense or otherwise, refers to the entire period.  If any change took place during the period with respect to any of the information requested, the date and nature of such change should be set forth.

4.     For any interrogatory or part of an interrogatory which you refuse to answer under a claim or privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the nature of the information withheld; specify the grounds of

the claimed privilege and the paragraph of these interrogatories to which the information is responsive; and identify each person to whom the information, or any part of the information, has been disclosed.

<u>**Interrogatories**</u>

**INTERROGATORY NO. 1.** Please identify all employees in the following positions that worked at any time during the relevant time period for Defendant: (1) Servers; (2) Bussers; (3) Food Runners; (4) Managers; and (5) Any other person or entity who shared in or benefited from tips received. To the extent that any employee's position or restaurant location changed at some point during the relevant time period, please identify the change and the dates of that employee's positions/locations. For each person identified in response to this Interrogatory, please include that person's rate(s) of pay and/or pay structure. Please also identify whether the person either (a) earned tips themselves or (b) participated in a tip pool or otherwise shared in tips received by Servers.

**Answer:**


**INTERROGATORY NO. 2.** Describe in detail any written or unwritten policies, procedures, practices, or guidelines that apply to how Servers are paid, and how Servers' tips are handled, divided, and/or distributed. To the extent any amount of a Server's tips was not retained by the Server, identify who received or shared in that money, how that determination was made, and in what form that money was distributed to other persons and/or entities in the tip pool.

**Answer:**

**INTERROGATORY NO. 3.** Describe how Servers' work time is recorded and tracked. Further, state whether the time keeping system is contemporaneous in nature (like a time clock). If the time keeping system is not contemporaneous (like signing off on time sheets), explain in detail how accuracy of those time sheets are maintained and when Servers sign off on their hours (e.g., at the end of each day, each week, each month).

**Answer:**


**INTERROGATORY NO. 4.** Identify any person or entity that was paid a percentage of tips that Servers received during their employment with Defendant. Describe in detail what percentage of Servers' tips that person/entity was paid.

**Answer:**


**INTERROGATORY NO. 5.** If the Company or any other entity owned in whole or in part by Defendant has been sued or investigated by the U.S. Department of Labor, or has received a claim by or demand from any employee or other agency regarding minimum wage or overtime compensation, state the name of the claimant for the suit, claim, and/or investigation, and describe in detail the factual basis of the suit, claim and/or investigation.

**Answer:**


**INTERROGATORY NO. 6.** Identify all persons who are or have been involved in creating, maintaining, and/or executing Defendant's compensation policies and practices during the relevant time period, including but not limited to Defendant's policies and practices with respect to Servers' hourly pay rates and tip pooling.

**Answer**:


**INTERROGATORY NO. 7.** Identify all persons and/or entities who possess an ownership interest in Lideslambous, Inc., and the extent of that interest. To the extent any entity possesses an ownership interest in Lideslambous, Inc., please also identify who possesses an ownership interest in that entity.

**Answer**:


**INTERROGATORY NO. 8.** Identify the individual or individuals who process payroll checks for Defendant and state the individual or individuals' physical work location.

**Answer**:


**INTERROGATORY NO. 9.** Describe the management structure and chain of command at Lideslambous, Inc., identifying each person within that chain of command and going up to and including the ultimate decision maker. To the extent that the ultimate decision maker is different for different matters, please so identify and describe.

**Answer:**



Date: June 19, 2017                         Respectfully submitted,

                                            /s/ Patrick McLaughlin

                                            Patrick McLaughlin
                                            Wukela Law Firm
                                            403 Second Loop Rd.
                                            PO Box 13057

Florence, SC 29504-3057
843-669-5634 (Phone)
843-669-5150 (Fax)
(Patrick@wukelalaw.com)

Andrew Biller (*pro hace vice filing forthcoming*)
Andrew Kimble (*pro hace vice filing forthcoming*)
Markovits, Stock & DeMarco, LLC
3825 Edwards Road, Suite 650
Cincinnati, OH 45209
513-651-3700 (Phone)
513-665-0219 (Fax)
(abiller@msdlegal.com)
(akimble@msdlegal.com)
www.msdlegal.com

*Counsel for Plaintiffs*

**VERIFICATION**

I hereby swear or affirm under penalty of perjury that the answers to the foregoing interrogatories are true and correct.

_____

Print Name

_____

Role at Lideslambous, Inc.

_____

Signature

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that, on June 19, 2017, the foregoing Requests for Production were served on counsel for Defendant by electronic mail and U.S. mail to the following address:

Alan Albert, Esq.
LeCLair Ryan
999 Waterside Drive, Suite 2100
Norfolk, VA 23510
Alan.albert@leclairryan.com

James Anelli, Esq. (via email only)
James.anelli@leclairryan.com

Neal Brodsky, Esq. (via email only)
Neal.brodsky@leclairryan.com

John Hutchins, Esq. (via email only)
John.hutchins@leclairryan.com


        /s/ Patrick McLaughlin
        Patrick McLaughlin

In the United States District Court
for the District of South Carolina
Florence Division

| | |
|---|---|
| Chris Gagliastre, *et al.*, <br><br> *On behalf of themselves and those similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> Capt. George's Seafood Restaurants, LP, *et al.*, <br><br> Defendants. | Civil Action No. 4:17-cv-1308 (RBH) |

First Requests for Production to Defendant Captain KDH, LLC

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs hereby request that Defendant Captain KDH, LLC produce the following documents and electronically-stored information and things for inspection and copying within 30 days at the offices of Andrew Kimble, Markovits, Stock & DeMarco, 3825 Edwards Road, Suite 650, Cincinnati, OH 45209. Defendants are also required to serve written responses to these requests within 30 days.

## **Definitions**

1.     "**All**," "**each**," **and** "**every**" shall be construed as inclusive or exclusive, as necessary to afford the widest possible scope of inquiry to the discovery request containing such terms.

2.     "**And/or**," "**or**," **and** "**and**" are used inclusively, not exclusively.

3. "**Communications**" means, without limitation, the transfer of any information of any form, whether written, oral, electronic, or otherwise, from one person or entity to another— including but not limited to, any summaries, recordings, or memoranda of the communication.

4. "**Compensation**" means all monies and benefits, including but not limited to: salaries; hourly wages; overtime wages, commissions; raises; and bonuses, or any other employment benefit plans, including, but not limited to, pension, severance, stock, retirement, and medical plans.

5. "**Server**" is a generic title used to refer to Plaintiffs' position or former position with Defendant (with the exception of Plaintiff Tarry subsequent to in or about the summer of 2015). The term includes any job position with Defendant, regardless of title, that is substantially similar to that of Plaintiffs, including waiters and waitresses.

6. The terms "**Defendant**," "**you**" or "**your**" or "**Captain George's**" refer to Captain KDH, LLC, and all of its agents, subsidiaries, divisions, and related entities (including all of their agents, subsidiaries, divisions, predecessors, successors, assignees, etc.) and all present and former employees, officers, directors, agents, attorneys, consultants, contractors, investigators, representatives, and any other person or entity acting for you or on your behalf, and other person acting or purporting to act on behalf of any and all of the above entities and persons.

7. "**Document**" and "**documents**" include: All things encompassed by the definition of the word "document" in Federal Rule of Civil Procedure 34(a), and/or "writings and recordings" in Federal Rule of Evidence 1001(1)—including, without limitation:

    a.    All electronic information and other information, and all other communications, records, data, files, writings, handwritings, messages, and anything that is a mail, file, file cover, datum, memorandum, letter, envelope, correspondence, report, note, sticker, Post-It, message,

telephone or voice recording, other recording, telephone log, diary, journal, minute(s), calendar, summary, draft, work paper, facsimile, contract, invoice, chart, graph, index, directory, computer disk, computer tape, computer screen, computer printout, storage, affidavit, book, paper, publication, article, study, pamphlet, bulletin, photograph, drawing, picture, film, audio and/or video recording, survey, test result, list, or transcript, and any other written, printed, typed, taped, filmed, electronically-stored, or graphic, sound, or electronic matter, and any other item of information—however kept, stored, produced, or reproduced. (Electronic information further includes any electronic record, and all items stored in or on computer memories, hard disks, floppy disks, CD-ROM, zip-drives, other drives, electronic bulletin boards, including all levels of access, sub-boards, conferences, metadata, and all information contained therein, and any other vehicle for information storage and/or transmittal. Unless otherwise specified, all electronic information should be produced in its native format with metadata intact.)

b.     All files, file covers, folder tabs, containers, storage devices, and labels that at any time accompanied or were appended to, or associated in any way with the original and any copies of the document(s)—and any other file-related documents and information (including metadata).

c.     All other related electronic data and information—including the original (and all copies where an original is not available) and all non-identical copies.

d.     All originals, copies, and other versions—including all non-identical copies, drafts, rough drafts, etc.—whether or not the copies and versions are non-identical because of any handwritten notes, comments, attachments, annotations, marks, transmission notations, highlighting of any kind, or any other kinds of markings, notes, or changes.

8.     **"Identify"** or **"Identification"** means, when used in reference to:

a.     "Identify," "identified," or "identity" when used herein in reference to a natural person, means (a) his/her full name and present or last known address, email address, and phone number and (b) his/her present or last known business affiliation and position therewith. If any of the above information is not available to you, then any other available means of identifying such natural person.

b.     "Identify," "identified," or "identity" when used herein in reference to anyone or anything other than a natural person, means (a) its full name, (b) nature of its organization, including the name of the state under which

same was organized, (c) its address(es), (d) the address of its principal place of business, and (e) its principal line of business.  If any of the above information is not available to you, then any other available means of identifying such entity or person.

9.      "**Relating to**" and/or "**relates to**" and/or "**related to**" mean, without limitation, constituting, mentioning, referring to, describing, summarizing, evidencing, listing, relevant to, demonstrating, tending to prove or disprove, or explaining.

10.     The "**litigation**" means the present lawsuit titled, Gagliastre, et al v. Capt. George's Seafood Restaurants, LP, 4:17-cv-1308 (RBH) (D.S.C).

11.     "**Relevant period**" refers to the period from May 19, 2014 through the present.

## Instructions

Unless otherwise indicated, the following instructions apply to, and are incorporated into, the definitions set forth above, all requests, and these instructions:

1.      All requests pertain to the entirety of the relevant period.

2.      With respect to each document produced, Plaintiffs request that Defendant specify the request(s) to which the document is responsive.

3.      Pursuant to Fed. R. Civ. P. 34, each document shall be produced as it is kept in the usual course of business and shall be organized and labeled with the categories in these requests.

4.      At or before the filing of the complaint in this case, Defendant was under a duty to preserve documents and ESI related to this matter.   Accordingly, Plaintiffs expect that Defendant and their counsel will prevent the destruction or alteration of any Documents requested herein by the operation of any electronic information system (routine or otherwise) and hereby puts Defendant on notice that any destruction or alteration of such documents, or any action that makes such documents more difficult or expensive to access and use, without

completing a meet and confer process with Plaintiffs' counsel regarding such action, will not be considered to be in "good faith," as contemplated in Fed. R. Civ. P. 37(f). If Defendants do not believe that it can reasonably comply with this instruction, Plaintiffs request that Defendant contact Plaintiffs, in writing, within 10 days from receipt of these Requests, to meet and confer about whether immediate Court intervention is necessary.

5.     With respect to each request, Defendant is requested to provide all documents in Defendants' possession, custody, or control that are known to Defendants or that Defendants can locate or discover through reasonably diligent efforts.

6.     If Defendant cannot respond or produce documents in response to any part of the following Requests in full, please respond to the extent possible, specifying the reason or reasons for Defendants' inability to respond or produce documents in response to the remainder of the requests.

7.     If, to Defendant's knowledge, documents responsive to one or more requests were never in Defendants' possession, custody, or control but are or have been in the possession, custody, or control of any other person, please identify all such persons.

8.     If any responsive document was formerly in Defendant's possession, custody, or control but has been eliminated from Defendant's possession in any way, including, but not limited to, having been lost, destroyed, transmitted, or discarded, please submit a written statement as follows:

     a.     The basis for withholding such document;

     b.     A generic description of the document being withheld;

     c.     The date the information contained in the document was learned or the document created;

      d.      The identity of the individual(s) who learned the information or authored the document;

      e.      The date the document was transmitted or otherwise made available to anyone; and

      f.      The specific Request(s) to which the withheld document relates.

9.      If requested documents are maintained in a file, folder, or other container, please produce the file, folder, or other container, or a complete copy of same, with the documents. For ESI that originates in a digital folder structure, please produce the folder names and relationships as metadata.

10.      The scope of your search for ESI shall include all forms of ESI collection, preservation, transmission, communication and storage, including:

      a.      All ESI generated and maintained in the ordinary course of business, including ESI stored on mainframe computers or local and network computers or drives or servers or any other media or location where ESI can be or is stored;

      b.      Distributed data or removable data, i.e., information which resides on portable media and non-local drives, including home computers, laptop computers, magnetic or floppy discs, CD-ROMs, DVDs, zip drives, Internet repositories including emailed host by Internet service providers, handheld storage devices such as BlackBerry devices, cellular telephones, and flash memory drives;

      c.      Forensic copy or backup ESI, including archive and backup data tapes and discs;

      d.      Network data, including voice mail systems, email servers, ISP servers, network servers, cloud servers and fax servers;

      e.      Legacy ESI, i.e., retained data that has been created or stored by the use of software or hardware that has been rendered outmoded or obsolete; and

      f.      Metadata, i.e., information regarding a particular data set which describes how, when and by whom it was collected, created, accessed and modified and how it is formatted.

13.     Unless otherwise indicated in writing, the failure to produce any documents in response to any request herein means that such documents do not exist, or are not in Defendant's possession, custody, or control, or the possession, custody, or control of Defendant's agents or anybody acting on Defendant's behalf.

14.     To the extent documents responsive to these requests have already been produced by Defendant, state the unique identifier or Bates number for each responsive document that was previously produced.

15.     All requests contained herein shall be deemed continuing and supplemental answers shall be required if you directly or indirectly obtain further information after your initial response as provided in Rule 26(e).

## Documents to be Produced

1.     Produce computer readable list, spreadsheet, or database that identifies (including all contact information specified in the instructions) all Servers employed by Captain KDH, LLC during the relevant time period.

2.     Produce all documents related to any job posting, job description, or other description of Servers' duties and obligations at Captain KDH, LLC.

3.     Produce all paystubs issued to Servers at Captain KDH, LLC during the relevant time period.

4.     Produce all documents, including but not limited to any computer readable list, spreadsheet, or database, related to payments made or compensation provided to Servers in connection with their employment at Captain KDH, LLC, including but not limited to hourly wages, tips, and other payments.

5.	Produce all time sheets of Servers at Captain KDH, LLC during the relevant time period.

6.	Produce all documents, including but not limited to any computer readable list, spreadsheet, or database, related to hours worked by Servers during the relevant time period at Captain KDH, LLC.

7.	Produce all documents related to Captain KDH, LLC's payroll practices or policies in effect at any time during the relevant time period with respect to Servers.

8.	Produce all documents related to Captain KDH, LLC's practices and policies in effect at any time during the relevant time period with respect to tip pooling.

9.	Produce all employee handbooks, manuals, procedure documents, managers' handbooks, restaurant operations documents, and any other documents relating to Captain KDH, LLC's restaurant operations and employment policies.

10.	Produce all documents relating to "side work" (*i.e.*, work not involving direct interaction with diners at the restaurant) that is assigned to Servers at Captain KDH, LLC.

11.	Produce all documents, including by not limited to any computer readable list, spreadsheet, or database, related to tips or gratuities received by Servers at Captain KDH, LLC during the relevant time period.

12.	Please produce all documents showing who received any percentage of money Plaintiffs received as tips and how much each person/entity received. For example, if a busser received a portion of that money, please produce documents demonstrating who that busser is, how much tip money he received, the manner in which the money was paid to him/her, from whom, and when.

13.    Produce all documents relating to tips pooled by, shared by, and/or paid out to Servers at Captain KDH, LLC, including any documents relating to who received a portion of tips received by Servers at Captain KDH, LLC during the relevant time period.

14.    Produce all documents relating to "autogratuities" or "autograt" pooled by, shared by, and/or paid out to Servers at Captain KDH, LLC, including any documents relating to who received a portion of the "autograt" during the relevant time period.

15.    For each "dining room" at Captain KDH, LLC, produce all documents or computer records generated relating to sales made, tips made, and autogratuities, throughout the relevant time period. As an example (not a limitation) of the documents sought by this request, please see all of the documents that comprise Exhibit N, attached to Plaintiffs' Motion for Conditional Certification (Doc. 5-15).

16.    Produce all documents or computer records generated relating to restaurant-wide sales made, tips made, and autogratuities, throughout the relevant time period. As an example (not a limitation) of the documents sought by this request, please see all of the documents that comprise Exhibit O, attached to Plaintiffs' Motion for Conditional Certification (Doc. 5-16).

17.    Produce all documents relating to the autogratuity policy at Captain KDH, LLC.

18.    Produce all documents relating to any policies or practices at Captain KDH, LLC in connection with overtime work.

19.    Produce all documents relating to communications with customers of Captain KDH, LLC, including but not limited to any explanations or descriptions of the policy appearing

on any menu, receipt, through any online communications, and/or through any signage at the Captain KDH, LLC restaurant location.

20.     Produce all documents relating to any notice or notices provided by to Servers at Captain KDH, LLC regarding Defendant's policy of taking a tip credit from Servers' wages.

21.     Produce all documents relating to the uniform or dress code policy in place at Captain KDH, LLC during the relevant time period.

22.     Produce all menus used by Captain KDH, LLC throughout the relevant time period.

23.     Produce all documents relating to the work schedules of Servers at Captain KDH, LLC throughout the relevant time period.

24.     Produce all documents relating to the hours of operation of Captain KDH, LLC throughout the relevant time period.

25.     Produce all posters or other documents provided to Servers at Captain KDH, LLC relating to their rights as employees.

26.     Produce all documents relating to complaints by employees regarding unpaid or underpaid wages, tips, tip sharing, or any other complaints relating to compensation, whether formal or informal.

27.     Produce all documents provided to or made available to employees at Captain KDH, LLC relating to the process for making a complaint to the company about any aspect of their employment during the relevant time period.

28.     Produce all job application forms used by Captain KDH, LLC during the relevant time period.

29.     Produce all documents relating to any "quiz" or "test" that employees were required to complete upon hire to Captain KDH, LLC.

30.     Produce all documents relating to any lawsuits or investigations by the U.S. Department of Labor or any state department or agency relating to a complaint, claim, or demand by any employee, person, or agency regarding minimum wage, overtime, or tip violations at Captain KDH, LLC.

31.     Produce all documents, audio recordings, video recordings, witness statements, and/or affidavits that relate to the allegations in the Complaint or any defenses raised by you.

32.     Produce all insurance agreements and policies under which any insurance company or other entity may be liable to satisfy all or part of a judgment which may be entered in this action, to indemnify or reimburse for payments made to satisfy the judgment, or to satisfy all costs and expense in defense of litigation.

33.     Produce all documents relating to any reports, audits, calculations, research, or strategies considered by, or prepared by, Captain KDH, LLC in connection with the compensation policies and practices relating to Servers at Captain KDH, LLC.

34.     Produce all documents relating to your preservation and retention of documents potentially discoverable in this litigation.

35.     Produce all documents relating to the ownership and/or ownership structure of Captain KDH, LLC.

36.     Produce all documents relating to any trademarks used by Captain KDH, LLC, including but not limited to documents relating to who owns the trademark, how Captain KDH,

LLC has permission to use the trademarks, and any other entities or individuals who are also permitted to use the trademarks.

37.     Produce all documents you received, reviewed, examined, used, and/or upon which you relied in preparing your response to these discovery requests and any interrogatories.


Date: June 19, 2017                           Respectfully submitted,

                                              /s/ Patrick McLaughlin

                                              Patrick McLaughlin
                                              Wukela Law Firm
                                              403 Second Loop Rd.
                                              PO Box 13057
                                              Florence, SC 29504-3057
                                              843-669-5634 (Phone)
                                              843-669-5150 (Fax)
                                              (Patrick@wukelalaw.com)

                                              Andrew Biller (*pro hace vice filing forthcoming*)
                                              Andrew Kimble (*pro hace vice filing forthcoming*)
                                              Markovits, Stock & DeMarco, LLC
                                              3825 Edwards Road, Suite 650
                                              Cincinnati, OH 45209
                                              513-651-3700 (Phone)
                                              513-665-0219 (Fax)
                                              (abiller@msdlegal.com)
                                              (akimble@msdlegal.com)
                                              www.msdlegal.com

                                              *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on June 19, 2017, the foregoing Requests for Production were served on counsel for Defendants by electronic mail and U.S. mail to the following address:

Alan Albert, Esq.
LeCLair Ryan
999 Waterside Drive, Suite 2100
Norfolk, VA 23510
Alan.albert@leclairryan.com

James Anelli, Esq. (via email only)
James.anelli@leclairryan.com

Neal Brodsky, Esq. (via email only)
Neal.brodsky@leclairryan.com

John Hutchins, Esq. (via email only)
John.hutchins@leclairryan.com

     /s/ Patrick McLaughlin
     Patrick McLaughlin

In the United States District Court
for the District of South Carolina
Florence Division

| | |
|---|---|
| Chris Gagliastre, *et al.*, | |
| *On behalf of themselves and those similarly situated*, | Civil Action No. 4:17-cv-1308 (RBH) |
| Plaintiffs, | |
| v. | |
| Capt. George's Seafood Restaurants, LP, *et al.*, | |
| Defendants. | |

## First Requests for Production to Defendant Captain KDH, LLC

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs hereby request that Defendant Captain KDH, LLC provide verified responses to the following interrogatories within 30 days at the offices of Andrew Kimble, Markovits, Stock & DeMarco, 3825 Edwards Road, Suite 650, Cincinnati, OH 45209.

## Definitions

1. "**All**," "**each**," **and** "**every**" shall be construed as inclusive or exclusive, as necessary to afford the widest possible scope of inquiry to the discovery request containing such terms.

2. "**And/or,**" "**or,**" **and** "**and**" are used inclusively, not exclusively.

3. "**Communications**" means, without limitation, the transfer of any information of any form, whether written, oral, electronic, or otherwise, from one person or entity to another—

1

including but not limited to, any summaries, recordings, or memoranda of the communication.

4.    "**Compensation**" means all monies and benefits, including but not limited to: salaries; hourly wages; overtime wages, commissions; raises; and bonuses, or any other employment benefit plans, including, but not limited to, pension, severance, stock, retirement, and medical plans.

5.    "**Server**" is a generic title used to refer to Plaintiffs' position or former position with Defendant (with the exception of Plaintiff Tarry subsequent to in or about the summer of 2015). The term includes any job position with Defendant, regardless of title, that is substantially similar to that of Plaintiffs, including waiters and waitresses.

6.    The terms "**you**" or "**your**" or "**Captain George's**" refer to Captain KDH, LLC, and all of its agents, subsidiaries, divisions, and related entities (including all of their agents, subsidiaries, divisions, predecessors, successors, assignees, etc.) and all present and former employees, officers, directors, agents, attorneys, consultants, contractors, investigators, representatives, and any other person or entity acting for you or on your behalf, and other person acting or purporting to act on behalf of any and all of the above entities and persons.

7.    "**Document**" and "**documents**" include: All things encompassed by the definition of the word "document" in Federal Rule of Civil Procedure 34(a), and/or "writings and recordings" in Federal Rule of Evidence 1001(1)—including, without limitation:

> a.    All electronic information and other information, and all other communications, records, data, files, writings, handwritings, messages, and anything that is a mail, file, file cover, datum, memorandum, letter, envelope, correspondence, report, note, sticker, Post-It, message, telephone or voice recording, other recording, telephone log, diary, journal, minute(s), calendar, summary, draft, work paper, facsimile, contract, invoice, chart, graph, index, directory, computer disk, computer tape, computer screen, computer printout, storage, affidavit, book, paper,

publication, article, study, pamphlet, bulletin, photograph, drawing, picture, film, audio and/or video recording, survey, test result, list, or transcript, and any other written, printed, typed, taped, filmed, electronically-stored, or graphic, sound, or electronic matter, and any other item of information—however kept, stored, produced, or reproduced. (Electronic information further includes any electronic record, and all items stored in or on computer memories, hard disks, floppy disks, CD-ROM, zip-drives, other drives, electronic bulletin boards, including all levels of access, sub-boards, conferences, metadata, and all information contained therein, and any other vehicle for information storage and/or transmittal. Unless otherwise specified, all electronic information should be produced in its native format with metadata intact.)

b.      All files, file covers, folder tabs, containers, storage devices, and labels that at any time accompanied or were appended to, or associated in any way with the original and any copies of the document(s)—and any other file-related documents and information (including metadata).

c.      All other related electronic data and information—including the original (and all copies where an original is not available) and all non-identical copies.

d.      All originals, copies, and other versions—including all non-identical copies, drafts, rough drafts, etc.—whether or not the copies and versions are non-identical because of any handwritten notes, comments, attachments, annotations, marks, transmission notations, highlighting of any kind, or any other kinds of markings, notes, or changes.

8.      "**Identify**" or "**Identification**" means, when used in reference to:

a.      "Identify," "identified," or "identity" when used herein in reference to a natural person, means (a) his/her full name and present or last known address, email address, and phone number and (b) his/her present or last known business affiliation and position therewith. If any of the above information is not available to you, then any other available means of identifying such natural person.

b.      "Identify," "identified," or "identity" when used herein in reference to anyone or anything other than a natural person, means (a) its full name, (b) nature of its organization, including the name of the state under which same was organized, (c) its address(es), (d) the address of its principal place of business, and (e) its principal line of business. If any of the above information is not available to you, then any other available means of identifying such entity or person.

9.     "**Relating to**" and/or "**relates to**" and/or "**related to**" mean, without limitation, constituting, mentioning, referring to, describing, summarizing, evidencing, listing, relevant to, demonstrating, tending to prove or disprove, or explaining.

10.    The "**litigation**" means the present lawsuit titled, Gagliastre, et al v. Capt. George's Seafood Restaurants, LP, 4:17-cv-1308 (RBH) (D.S.C).

11.    "**Relevant period**" refers to the period from May 19, 2014 through the present.

### Instructions

The following instructions shall apply to these interrogatories:

1.     Under Rule 33 of the Federal Rules of Civil Procedure, each interrogatory must be answered separately, completely and fully under oath. If any interrogatory is objected to, the reason for such objection must be stated in lieu of an Answer.

2.     These interrogatories are deemed to be continuing and Defendants shall be obligated to change, supplement and amend their answers as prescribed by Rule 26 of the Federal Rules of Civil Procedure.

3.     Unless otherwise stated, each interrogatory covers the entire relevant time period. The response to each request shall include all documents relating to the period whether prepared before, during or after the period. Each interrogatory, whether expressed in the present tense or otherwise, refers to the entire period. If any change took place during the period with respect to any of the information requested, the date and nature of such change should be set forth.

4.     For any interrogatory or part of an interrogatory which you refuse to answer under a claim or privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the nature of the information withheld; specify the grounds of

the claimed privilege and the paragraph of these interrogatories to which the information is responsive; and identify each person to whom the information, or any part of the information, has been disclosed.

<u>**Interrogatories**</u>

**INTERROGATORY NO. 1.** Please identify all employees in the following positions that worked at any time during the relevant time period for the Defendant: (1) Servers; (2) Bussers; (3) Food Runners; (4) Managers; and (5) Any other person or entity who shared in or benefited from tips received. To the extent that any employee's position or restaurant location changed at some point during the relevant time period, please identify the change and the dates of that employee's positions/locations. For each person identified in response to this Interrogatory, please include that person's rate(s) of pay and/or pay structure. Please also identify whether the person either (a) earned tips themselves or (b) participated in a tip pool or otherwise shared in tips received by Servers.

**Answer:**

**INTERROGATORY NO. 2.** Describe in detail any written or unwritten policies, procedures, practices, or guidelines that apply to how Servers are paid, and how Servers' tips are handled, divided, and/or distributed. To the extent any amount of a Server's tips was not retained by the Server, identify who received or shared in that money, how that determination was made, and in what form that money was distributed to other persons and/or entities in the tip pool.

**Answer:**

**INTERROGATORY NO. 3.** Describe how Servers' work time is recorded and tracked. Further, state whether the time keeping system is contemporaneous in nature (like a time clock). If the time keeping system is not contemporaneous (like signing off on time sheets), explain in detail how accuracy of those time sheets are maintained and when Servers sign off on their hours (e.g., at the end of each day, each week, each month).

**Answer:**


**INTERROGATORY NO. 4.** Identify any person or entity that was paid a percentage of tips that Servers received during their employment with Defendant. Describe in detail what percentage of Plaintiffs' tips that person/entity was paid.

**Answer:**


**INTERROGATORY NO. 5.** If the Defendant or any other entity owned in whole or in part by Defendant has been sued or investigated by the U.S. Department of Labor, or has received a claim by or demand from any employee or other agency regarding minimum wage or overtime compensation, state the name of the claimant for the suit, claim, and/or investigation, and describe in detail the factual basis of the suit, claim and/or investigation.

**Answer:**


**INTERROGATORY NO. 6.** Identify all persons who are or have been involved in creating, maintaining, and/or executing Defendant's compensation policies and practices during the relevant time period, including but not limited to Defendant's policies and practices with respect to Servers' hourly pay rates and tip pooling.

**Answer**:


**INTERROGATORY NO. 7.** Identify all persons and/or entities who possess an ownership interest in Captain KDH, LLC, and the extent of that interest. To the extent any entity possesses an ownership interest in Captain KDH, LLC, please also identify who possesses an ownership interest in that entity.

**Answer**:


**INTERROGATORY NO. 8.** Identify the individual or individuals who process payroll checks for Defendant and state the individual or individuals' physical work location.

**Answer**:


**INTERROGATORY NO. 9.** Describe the management structure and chain of command at Captain KDH, LLC, identifying each person within that chain of command and going up to and including the ultimate decision maker. To the extent that the ultimate decision maker is different for different matters, please so identify and describe.

**Answer:**



Date: June 19, 2017                    Respectfully submitted,

                                       /s/ Patrick McLaughlin

                                       Patrick McLaughlin
                                       Wukela Law Firm
                                       403 Second Loop Rd.
                                       PO Box 13057

Florence, SC 29504-3057
843-669-5634 (Phone)
843-669-5150 (Fax)
(Patrick@wukelalaw.com)

Andrew Biller (*pro hace vice filing forthcoming*)
Andrew Kimble (*pro hace vice filing forthcoming*)
Markovits, Stock & DeMarco, LLC
3825 Edwards Road, Suite 650
Cincinnati, OH 45209
513-651-3700 (Phone)
513-665-0219 (Fax)
(abiller@msdlegal.com)
(akimble@msdlegal.com)
www.msdlegal.com

*Counsel for Plaintiffs*

**VERIFICATION**

I hereby swear or affirm under penalty of perjury that the answers to the foregoing interrogatories are true and correct.

_____
Print Name

_____
Role at Captain KDH, LLC

_____
Signature

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on June 19, 2017, the foregoing Requests for Production were served on counsel for Defendant by electronic mail and U.S. mail to the following address:

Alan Albert, Esq.
LeCLair Ryan
999 Waterside Drive, Suite 2100
Norfolk, VA 23510
Alan.albert@leclairryan.com

James Anelli, Esq. (via email only)
James.anelli@leclairryan.com

Neal Brodsky, Esq. (via email only)
Neal.brodsky@leclairryan.com

John Hutchins, Esq. (via email only)
John.hutchins@leclairryan.com

    /s/ Patrick McLaughlin
    Patrick McLaughlin