IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MAY 29 2019

CHRIS GAGLIASTRE, et al.,

Plaintiffs,

v.

CIVIL ACTION NO. 2:17cv379

CAPT. GEORGE'S SEAFOOD
RESTAURANT, LP, et al.,

Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court for consideration of Plaintiffs' Motion for Approval of a Fair Labor Standards Act ("FLSA") Settlement, and Plaintiffs' Motion for Award of Attorney's Fees and Expenses. On March 4, 2019, the Court held a Settlement Fairness Hearing. ECF No. 257. For the reasons stated below, the Motion for Approval of FLSA Settlement is **GRANTED**, and Plaintiffs' Motion for Approval of Attorney's Fees and Expenses is **GRANTED**.

## I. FACTUAL AND PROCEDURAL HISTORY

This action is an FLSA case filed pursuant to 29 U.S.C. § 216(b) to recover compensatory and liquidated damages, attorney fees, and other relief. Plaintiffs assert that Defendants violated the FLSA and bring this case on behalf of themselves and all other employees similarly situated.

On December 13, 2018, both parties participated in a mediation in Norfolk, VA with retired Judge F. Bradford Stillman. After an all-day mediation, the parties were able to come to a settlement agreement that resolves the disputed issues before this Court as well as the disputed issues before the District Court of South Carolina. *See* ECF No. 250-1. On January 9, 2019, the parties filed a Joint Notice of Settlement before the Court. ECF No. 243. On February 4, 2019,

1

Plaintiffs filed the instant Motion for Settlement Approval and a Motion for Attorney's Fees and Expenses. ECF Nos. 249, 251. On March 4, 2019, the Court held a Fairness Hearing for Settlement Approval. ECF No. 257.

## II. LEGAL STANDARDS

An FLSA settlement agreement and dismissal of FLSA action requires court approval after the Court has reviewed the settlement for fairness and reasonableness. 29 U.S.C. § 216(b); *Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007); *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Baker v. Dolgencorp, Inc.*, 818 F. Supp. 2d 940, 941 (E.D. Va. 2011). There is a "strong presumption in favor of finding a settlement fair" that the court should keep in mind in when determining whether a settlement is fair, adequate and reasonable. *LaFleur v. Dollar Tree Stores, Inc.*, 189 F. Supp. 3d 588, 593 (E.D. Va. 2016).

In evaluating a FLSA settlement agreement, the Court must determine three things: (1) that the FLSA issues are actually in dispute; (2) that the settlement is a reasonable compromise over the issues; and (3) if there is a clause on attorneys' fees then the award must reasonable and independently assessed. *See Silva v. Miller*, 307 Fed.Appx. 349, 351 (11th Cir.2009) (citations omitted). Generally, "where there is an 'assurance of an adversarial context' and the employee is 'represented by an attorney who can protect [his] rights under the statute,' the settlement will be approved. *Duprey v. Scotts Co. L.L.C.*, 30 F. Supp. 3d 404, 408 (D. Md. 2014) (quoting *Lynn's Food Stores*, 679 F.3d at 1354).

As to the first prong, "courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement." *Id.* The Court must find that the employees seek to enforce their FLSA rights and that the parties demonstrate an actual

2

disagreement as to the factual allegations that undergird the action. See *Lynn's Food Stores*, 679 F.2d at 1354.

Regarding the reasonable compromise factor, courts weigh a number of factors, including:

> (1) the extent of discovery that has taken place;
> (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation;
> (3) the absence of fraud or collusion in the settlement;
> (4) the experience of counsel who have represented the plaintiffs;
> (5) the probability of plaintiffs' success on the merits[;] and
> [(6)] the amount of the settlement in relation to the potential recovery.

*LaFleur*, 189 F. Supp. 3d at 593 (citing *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975)).

Finally, while the FLSA requires the defendant to pay plaintiff's attorneys' fees if the plaintiff is successful, 29 U.S.C. § 216(b), a settlement means that judgment is not entered in favor of either party, so attorneys' fees are not required. *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1243 (M.D. Fla. 2010). However, if the settlement agreement does consider awarding attorneys' fees, the Court must still determine if the attorneys' fees are reasonable and that they were "independently assessed, regardless of whether there is any suggestion that a conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Id.*

In determining the fairness and reasonableness of a FLSA settlement agreement, the Court may confirm the agreement, preliminarily grant the agreement but order parties to strike portions that it deems unfair or unreasonable, or deny the agreement if there are too many issues with the agreement. *See, e.g., Lomascolo*, 2009 WL 9094955, at *1 (granting settlement approval); *Stephens v. MAC Bus. Sols., Inc.*, No. 15-3057, 2016 WL 3977473, at *3 (D. Md. July 25, 2016) (approving settlement but ordering parties to submit a new agreement that removes the

unreasonable confidentiality clause); *Hendrix*, 2017 WL 2438067, at *4 (denying settlement approval due to onerous and legal release clause and unreasonable settlement amount).

## III. DISCUSSION

In the instant case, the Plaintiffs argue in the Motion for Settlement Approval that their settlement should be approved because they satisfied the aforementioned factors. ECF No. 250. Upon review, the Court **FINDS** that the settlement was a fair and reasonable resolution of a bona fide FLSA dispute, and that the settlement was fair and adequate as required under Federal Rule of Civil Procedure 23(e).

### A. FLSA Issues Actually in Dispute

Throughout the suit, the Named Plaintiffs alleged claims for unpaid overtime and minimum wages in the Complaint. Amend. Compl. ¶¶ 269-286. During discovery, which included sworn interrogatory answers and depositions, Plaintiffs persisted in their claims, and Defendants denied all liability as to failure to pay minimum wage and neither admitted nor denied insufficient payment of overtime wages. Ans. to Amend. Compl. ¶¶ 269-286. In the settlement, Defendants continued to deny all liability. Settlement Agreement ¶ 10.1. After hours of negotiations, the parties reached a settlement. ECF No. 250. For these reasons, the Court finds that a bona fide dispute existed between the parties.

### B. Fairness and Reasonableness

In finding this settlement fair and reasonable, as noted above, the Court evaluates several factors, including: "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [ ] counsel ...; and (6) the probability of plaintiffs' success on the merits and the

amount of the settlement in relation to the potential recovery." *Lomascolo*, 2009 WL 3094955, at *10 (citing *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975)).

### 1. Extent Discovery Has Taken Place

To date, the parties have undergone extensive discovery. Plaintiffs have completed discovery and Defendants had approximately one week left in their discovery period when the settlement was filed. *See* ECF No. 235. The numerous exhibits and documents submitted to the Court, including deposition transcripts and policy documents, affirm this fact. *See, e.g.* ECF Nos. 220, 221. As a result, this factor weighs in favor of settlement.

### 2. The Stage of the Proceedings

The parties have litigated this matter for almost two years and have filed and argued multiple motions in this case. *See In re The Mills Corp. Sec. Litig.*, 265 F.R.D. 246, 254 (E.D. Va. 2009) ("When 'several briefs have been filed and argued, courts should be inclined to favor the legitimacy of a settlement.'"). In arguing motions, the Court previously denied Defendant's Motion to Dismiss for Failure to State a Claim and granted Defendant's Motion to Dismiss the state law claims of the Amended Complaint. ECF Nos. 125 and 190. The Court also granted Plaintiffs' Motion for Conditional Class Certification and granted in part and denied in part Plaintiffs' Motion for Protective Order. ECF Nos. 126, and 222. As the result of the parties' progress in the litigation, and filed motions, this factor weighs in favor of settlement.

### 3. Absence of Fraud or Collusion

In the absence of any evidence to the contrary, it is presumed that no fraud or collusion occurred. *See, e.g., LaFleur*, 189 F. Supp. 3d at 595. In this case, the settlement terms were reached after mediation before retired Judge F. Bradford Stillman, which lasted for more than seven hours

before the parties reached an agreement. *See* ECF No. 250. No evidence exists to suggest the settlement was procured by fraud. As a result, this factor favors settlement approval.

### 4. Experience of Counsel

Counsel for Plaintiffs and Defendant are competent litigators experienced in federal and employment litigation. Plaintiffs' lead counsel is Andrew Biller, Andrew Kimble, Joshua Jewett, and Andrew Frisch. ECF No. 252. Andrew Biller has litigated more than fifteen single or multiple plaintiff FLSA actions, and Andrew Kimble is an employment law trial attorney with eight years of experience. *Id.* Joshua Jewett has served as lead counsel or co-counsel in at least seven FLSA matters before this Court. *Id.* Andrew Frisch has more than eighteen years of experience practicing wage and hour law. Considering counsels' experience in this case, this factor weighs in favor of settlement.

### 5. Opinion of Class Counsel and Class Members

As discussed above, counsel has experience in federal court and employment litigation. As a result, their opinion is entitled to weight. *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975) ("While the opinion and recommendation of experienced counsel is not to be blindly followed by the trial court, such opinion should be given weight in evaluating the proposed settlement.").

Furthermore, the opinion of class members is a factor to consider in assessing the fairness and the adequacy of the settlement. *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 159 (4th Cir.1991). The opinion of class members concerning the settlement " 'is perhaps the most significant factor to be weighed in considering its adequacy.' " *In re MicroStrategy, Inc. Sec. Litig.*, 148 F. Supp. 2d 654, 668 (E.D. Va.2001) (quoting *Sala v. Nat'l R.R. Passenger Corp.*, 721 F. Supp. 80, 83 (E.D.

Pa. 1989)). To date, no objections to this settlement have been filed. This fact, coupled with counsels' experience, weighs heavily in favor of settlement.

### 6. Probability of Success and the Likely Amount of Recovery

The Fourth Circuit has found that the probability of success and the likely amount of recovery is of utmost importance. *Mills Corp.*, 265 F.R.D. at 256 (stating, "This factor is of the utmost importance, 'because 'if the settlement offer was grossly inadequate [...] it can be adequate only in light of the strength of the case presented by the plaintiffs.' ") (quoting *Flinn*, 528 F.2d at 1172)). In the present case, the parties have settled, and all of the Plaintiffs are receiving a reasonable award in light of the individual situations of each Plaintiff. As a result, this factor favors settlement.

### C. Attorney's Fees

In a FLSA action, and an action under the Virginia state law equivalent, an award of attorneys' fees is appropriate. 29 U.S.C. § 216(b); VA. CODE. ANN. § 9.1–704 (2005). The Fourth Circuit held that "[i]t is for the district court in the first instance to calculate an appropriate award of attorneys' fees." *Carroll v. Wolpoff & Abramson*, 53 F.3d 626, 628 (4th Cir.1995). Here, the settlement provides that the Settlement Payments made pursuant to the Agreement are inclusive of attorney's fees and costs. ECF No. 250-1. Plaintiffs' attorneys request 33.33% of the fund in this attorneys' fees ($814,934), in addition to $67,26.59 in expenses. ECF Nos. 252, 268.

It is within the discretion of the Court to determine the best method of calculating attorneys' fees to appropriately compensate class counsel. *See Boyd v. Coventry Health Care Inc.*, 299 F.R.D. 451, 464–65 (D. Md. 2014). There are two primary methods of calculating attorneys' fees: (1) the "percentage of the fund" method; and (2) the "lodestar" method. *In re Currency Conversion Fee Antitrust Litig.*, 263 F.R.D. 110, 128 (S.D.N.Y. 2009), aff'd sub nom. *Priceline.com, Inc. v.*

*Silberman*, 405 F. App'x 532 (2d Cir. 2010). The goal of both methods is to make sure that counsel is compensated fairly. The Fourth Circuit has not decided which of the general approaches to adopt, although the "current trend among the courts of appeal favors the use of a percentage method to calculate an award of attorneys' fees in common fund cases." *Goldenberg v. Marriott PLP Corp.*, 33 F.Supp.2d 434, 438 (D.Md.1998); see also *Strang v. JHM Mortg. Sec. Ltd. P'ship*, 890 F.Supp. 499, 503 (E.D.Va.1995) ("the percentage method is more efficient and less burdensome than the traditional lodestar method and offers a more reasonable measure of compensation for common fund cases."). Often, when the percentage of fund method is used, the calculation is then supplemented with the lodestar cross-check. *See The Mills Corp.*, 265 F.R.D. at 261; *but see Arledge v. Domino's Pizza, Inc.*, No. 3:16-cv-386, 2018 WL 5023950, at *5 (S.D. Ohio Oct. 17, 2018) (noting that a lodestar cross-check is "unnecessary"). Accordingly, in this case, the "percentage of recovery" method is the appropriate method for reviewing the proposed attorneys' fees; however, the Court finds that the "lodestar" method is not the appropriate cross-check given the vague nature of the billing records submitted by counsel for Plaintiffs.

Under the "percentage of the fund" method, the court awards attorneys' fees as a percentage of the common fund used to pay class members' damages and claims. *See Blum v. Stenson*, 465 U.S. 886, 900 n. 16, (1984). District courts in this circuit have analyzed the following seven factors when using the "percentage of recovery" method: (1) the results obtained for the class; (2) the quality, skill, and efficiency of the attorneys involved; (3) the risk of nonpayment; (4) objections by members of the class to the settlement terms and/or fees requested by counsel; (5) awards in similar cases; (6) the complexity and duration of the case; and (7) public policy. *See, e.g., Domonoske v. Bank of Am., N.A.*, 790 F.Supp.2d 466, 475 (W.D.Va.2011); *Jones*, 601 F.Supp.2d at 760. Importantly, "fee award reasonableness factors

'need not be applied in a formulaic way' because each case is different, 'and in certain cases, one factor may outweigh the rest.'" *In re AT & T Corp.*, 455 F.3d 160, 166 (3d Cir.2006) (*quoting In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 301 (3d Cir.2005)).

Attorneys' fees awarded under the "percentage of recovery" method are generally between twenty-five (25) percent and thirty (30) percent of the fund. *See Boyd*, 299 F.R.D. at 464–65 (citing Manual for Complex Litigation ("MCL"), § 14.121). In considering awards in similar cases, courts look to cases of similar size, rather than similar subject matter. *See In re Cendant Corp. PRIDES Litig.*, 243 F.3d 722, 737 (3rd Cir. 2001); *LaFleur*, 189 F. Supp. 3d at 594; *The Mills Corp.*, 265 F.R.D. at 263–64 ("comparing the size of the fund and percentage of the award in other cases to the present case ... provides a valuable point of reference."). Fees awarded under "the percentage-of-recovery" method in settlements under $100 million have ranged from 15% to 40%. *See Stoner v. CBA Information Services*, 352 F.Supp.2d 549, 553 (E.D.Pa. 2005). Cases in this circuit involving settlement comparable to the $2.4 million settlement fund here have resulted in awards of attorneys' fees in the ranges of 25% to 28% of the common fund. *See In re SPX Corp. ERISA Litig.* (W.D.N.C. 2007) (28% of the fund awarded, where the fund was $3.6 million); *Smith v. Krispy Kreme Doughnut Corp.*, 2007 WL 119157, at *3 (M.D.N.C.2007) (26% of the fund awarded where the fund was $4,750,000); *Mason v. Abbot Labs.* (N.D.W.Va. 2001) (25% of the fund awarded where the fund was $1,705,200); *Braun v. Culp, Inc.* (M.D.N.C.1985) (25% of the fund awarded where the fund was $1.5 million).

Once the Court determines the appropriate "percentage of the funds", it then evaluates the twelve "lodestar" reasonableness factors set out in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974):

9

(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney's fees awards in similar cases.

*Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir.1978). There is no strict manner in applying and considering these factors. *Trimper v. City of Norfolk*, 846 F. Supp. 1295, 1303 (E.D. Va.1994). The fee applicant bears the burden of demonstrating the reasonableness of its fee request, *Kenney v. A Touch of Patience Shared Hous., Inc.*, 779 F. Supp. 2d 516, 525 (E.D. Va. 2011), and of "providing sufficient detail in [its] records to explain and support [its] requests for fees and costs." *Andrade v. Aerotek, Inc.*, 852 F. Supp. 2d 637, 645 (D. Md. 2012). Indeed, "the party who seeks payment must keep records in *sufficient detail* that a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed." *Hensley v. Eckerhart*, 461 U.S. 424, 441 (1983) (Burger, C.J., concurring) (emphasis added).

Here, the Court finds that a reasonable attorney fee award is 25% of the approved settlement fund. Plaintiffs' counsel submitted affidavits and summaries which indicate their fees and expenses, along with redacted versions of the time records in support of their request for 33.33% of the settlement fund. See ECF No. 258. Counsel requested to provide the unredacted version of their time records in camera, ECF No. 259, and after close examination of the unredacted records, the Court found billing entries which were improperly "block-billed." For example, on October 8, 18, 23, and November 7, 2018, billing entries from Morgan & Morgan, P.A. list multiple tasks in a single time entry. Block billing is impermissible when it "mak[es] it

impossible to evaluate their reasonableness." *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 971 (D.C. Cir. 2004).

The billing statements also included clerical tasks that attorneys are not responsible to perform, and which cannot be billed at an attorney's hourly rate. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989) (noting that clerical or secretarial tasks should not to be billed at lawyers' rates, even if a lawyer performs them). For example, counsel indicated that they performed the following clerical tasks billed by Biller & Kimble, LLC:

- 5/18/2017: Sent addresses for individual defendants to co-counsel;
- 5/18/2017: Sent co-counsel agreement for review;
- 5/18/2017: Prepared Local Rule 26.01 form [...];
- 5/18/2017: Review SoS website for registered agents for service of process;
- 7/20/2017: Sent Rep. Agreement and Consent Form to Norman Pentecost;
- 8/17/2017: Create reduced size PDFs for all exhibits;
- 10/17/2017: Sent consent to join form to opt in;
- 12/21/2017: Sent consent forms to opt ins;
- 11/8/2018: Made copies in preparation for deposition.

There are also numerous other duplicate charges, including entries from multiple attorneys who attended the same deposition, mediation or hearing, when it was unnecessary to have more than one attorney present. For example, on October 23, 2018, and November 6, 7, and 11, 2018, multiple attorneys billed travel time to attend depositions in Norfolk. In each case, it was only necessary for one attorney to be present, and the Court finds the duplicate billings excessive. *See Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 768 (5th Cir. 1996) ("If more than one attorney is involved, the possibility of duplication of effort along with the

proper utilization of time should be scrutinized. The time of two or three lawyers in a courtroom or conference when one would do, may obviously be discounted.").

Given the abundance of billing deficiencies, the Court cannot determine whether the hours Plaintiffs' counsel expended are reasonable. The Court has considered the *Johnson* factors to the extent applicable. This case was a routine FLSA matter that did not require unusual expertise. Further, despite the number of depositions, the Court opines that the nature of depositions were not complex given the nature of the issues in the case. For most of the depositions, counsel merely needed to inquire about the circumstances of hours worked and whether employees were properly compensated for overtime.

Considering that counsel have submitted an inadequately documented fee petition, the Court is unable to assess the reasonableness of hours counsel expended to fix a lodestar and use a loadstar as a cross-check. Under these circumstances, after a tedious review of the fee petition, the Court is constrained to assess attorneys' fees it deems appropriate. "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. In reducing an attorneys' fee award, the court in *Lipsett v. Blanco* stated, "[I]n cases involving fee applications for services rendered after the date of this opinion, the absence of detailed contemporaneous time records, except in extraordinary circumstances, will call for a substantial reduction in any award or, in egregious cases, disallowance." 975 F.2d 934, 938 (1st Cir. 1992).

## IV. CONCLUSION

For the reasons stated above, the Parties' Third Joint Motion for Approval of Settlement is **GRANTED**. The settlement fund in the gross amount of $2,444,804.55 is **APPROVED**.

Plaintiffs' Unopposed Petition for Approval of Attorneys' Fees and Expenses is **GRANTED** in Part and **DENIED** in Part. The request to approve 33.33% of the settlement fund in attorneys' fees is **DENIED**. After a tedious review of the attorney fee petition and consideration of the costs outlined, the Court finds it appropriate to reduce the fee request. The Court hereby **APPROVES** 25% of the settlement fund in attorneys' fees and $67,266.59 in costs, and expenses. No funds shall revert to Defendant.

The Parties are **ORDERED** to submit a dismissal order within **TWENTY (20) DAYS** of the date of this Order.

The Court will retain jurisdiction of this case to enforce the settlement agreement.

The Clerk is **DIRECTED** to send a copy of this Order to counsel of record.

**IT IS SO ORDERED.**

Norfolk, Virginia
May 29, 2019

Raymond A. Jackson
United States District Judge

13